BASSETT v. MAGNOLIA PETRO-LEUM CO. et al.

No. 30381. Feb. 24, 1942.

Rehearing Denied March 17, 1942.

Application for Leave to File Second Petition for Rehearing Denied May 5, 1942.

*124 P. 2d 984.*

Wilson & Wilson and Coldiron & Coldiron, all of Enid, for petitioner.

Walace Hawkins, of Dallas, Tex., W. R. Wallace and B. B. Blakeney, Jr., both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. On December 6, 1939, George Dewey Bassett, hereinafter referred to as petitioner, filed his employee's first notice of injury and claim for compensation stating that he was injured on or about November 12, 1936, when an oil drum fell on him and he was permanently and totally disabled; that he quit work right after the accident and remained on the pay roll until November 7, 1939; that he received full wages until November 7, 1938, then was paid $50 per month less 50 cents social security and $3.60 for insurance until November 7, 1939.

The Magnolia Petroleum Company, hereinafter called respondent, denied liability, and asserted that the rights of petitioner to any compensation were barred under the provisions of section 13367, O. S. 1931, as amended, 85 Okla. St. Ann. § 43. After hearings conducted by trial commissioner he entered an order denying the award, therein stating that the petitioner was not entitled to an award for the reason that his claim is barred under section 13367, supra. On May 6, 1941, the commission en banc entered its order sustaining the finding of the commissioner. This proceeding is brought by the petitioner to obtain a review of the final order.

The sole question presented is the alleged error in finding that the claim was barred under the provisions of relative statute. Petitioner bases his right to file his claim on evidence which he claims would support no other finding than that he was paid in lieu of compensation up to November 15, 1939, well within the provisions of section 13367, supra, which is to the effect that a claim filed within one year after the final payment in lieu of compensation is filed in time.

The evidence discloses that the petitioner was paid certain "benefit payments." These benefit payments were made by respondent, its last check being dated November 15, 1939, for benefits to and including November 7, 1939. There is evidence to the effect that these payments were made out of a fund set up by the oil company for benefits to employees who became ill or were injured outside the course of employment, and were made in pursuance of that purpose. Petitioner claims that he was injured not later than November 10, 1936. Under section 13367, supra, he would have had until November 10, 1937, to file his claim. He was not paid any benefit checks until November, 1938, after he went to the hospital. The benefit checks were paid out on forms which disclosed that he was entering a claim for chronic colitis and intestinal hemorrhage, and although the respondent introduced no evidence except what it

elicited from the witnesses on cross-examination, we hold that there was a question of fact submitted to the State Industrial Commission as to whether there were any payments made to the petitioner in lieu of compensation. During the time from November 10, 1936, to the commencement of the benefit payments beginning in 1938, it is the claim of petitioner that he was being paid whatever salary or commission checks he was paid in lieu of compensation, while respondent asserts that there is no evidence of any payments at any time in lieu of compensation.

Under this evidence the commission entered its order denying the award. We are of the opinion, and hold, that the State Industrial Commission did not err in denying the award. In Oklahoma Natural Gas Co. v. White, 187 Okla. 627, 105 P. 2d 225, it is stated:

"The question of whether payments made by an employer to an injured employee, subsequent to the injury, are made as wages or compensation, under the Compensation Act, is, as a general rule, one to be determined by the Industrial Commission; and this court will not disturb its finding thereon, on petition to review, where there is any competent evidence reasonably tending to sustain the same."

The order denying the award is sustained.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur.