## QUALITY MILK PRODUCTS et al. v. LINDE et al.

No. 23077. Opinion Filed Sept. 20, 1932.

Rehearing Denied Oct. 18, 1932.

H. C. Thurman and Byrne A. Bowman, for petitioners.

Bailey E. Bell, W. Clif Klein, and Gerald B. Klein, for respondent.

McNEILL, J. This is an original action to review an order of the State Industrial Commission rendered on October 22, 1931, in favor of the respondent, Robert S. Linde, against the petitioner Quality Milk Products and its insurance carrier. The Commission found that respondent sustained an accidental personal injury on April 4, 1931, the nature of said injury being caused by inhaling alcoholic fumes while spraying automobiles; that the employer had actual notice of said injury, and that there was no prejudice by failure to give notice. Respondent was awarded compensation for temporary total disability.

Petitioners urge that the said findings are not reasonably supported by any evidence and are contrary to law. It is the theory of petitioners that respondent suffered from an occupational disease and did not receive an accidental personal injury.

Respondent was a painter and commenced working for the Quality Milk Products Company in March, 1930. He was laid off on July 6, 1930. He then went to New Mexico and was engaged in selling marking machines. He returned from New Mexico the latter part of September, 1930, and resumed his employment with said company in November, 1930. The place where he was obliged to work during the time he was first employed was in a large room in the basement, where he cleaned and painted automobiles. After his return in November his work was in a room in the basement known as a dust-proof room. In this room he used at times wood alcohol in a spray gun. It appears that he was sick at various times when he was first employed by said company, but that his real sickness dates from about March 1, 1931. At that time he was sick for three days, having vomiting spells and sores over his entire body, and his eyes were irritated and burned. It is the view of petitioners that there was no one particular event which caused respondent's disability, but that it was brought about by the continuous exposure to the fumes of alcohol and other preparations; that no fortuitous event occurred on April 4, 1931; that no unusual or unexpected casualty took place.

Counsel for petitioners cite cases from this court holding that there can be no recovery for an occupational disease. The

Workmen's Compensation Law of this state makes no provision for employees contracting an occupational disease.

It is not contended that the respondent or the petitioner knew that it was dangerous for the respondent to perform his work in a small room. Had this room received proper and sufficient ventilation, the respondent would have suffered no disability, and there would have been no fortuitous event.

The effect from this work in an enclosed room was not apparent to either employer or employee. The injury happened without design on the part of either, and the effect was unforeseen and without the concurrence of either. It was an unintended and unexpected occurrence which produced the injury.

An interesting discussion of accidental injury is found in the case of Victory Sparkler & Speciality Co. v. Francks (Md.) 128 Atl. 635, wherein it is said:

"An occupation or industry disease is one which arises from causes incident to the profession or labor of the party's occupation or calling. It has its origin in the inherent nature or mode of work of the profession or industry, and it is the usual result or concomitant. If, therefore, a disease is not a customary or natural result of the profession or industry, per se, but is the consequence of some extrinsic condition or independent agency, the disease or injury cannot be imputed to the occupation or industry, and is in no accurate sense an occupation or industry disease. * * *

"It will be observed that the statutory definition of a compensable injury under the Maryland act is not that it is an 'accident.' or that it is an injury 'by accident,' but that it must be 'accidental injuries.' The difference is important, as it marks the divergence between the thing or the event (i. e., accident) and a quality or a condition (i. e.. accidental) of that thing or event. As the substantive carries the idea of something happening unexpectedly at a time and place, the term 'accident' or 'injury by accident' has been consistently construed by the courts to embrace two different notions: The first is that of unexpectedness and the second that of an injury sustained on some definite occasion, whose date can be fixed with reasonable certainty. The adjective 'accidental' is not a technical term, but a common one, whose popular usage would not necessarily mean that the words 'accidental injuries' indicated the existence of an accident, but rather the idea that the injury was either unintended or unexpected. See 25 Harvard Law Review, pp. 338, 342. In the term 'accidental injuries,' the substantive 'injuries' expresses the notion of the thing or event, i. e., the wrong or damage done to the person; while 'accidental' qualifies and describes the noun by ascribing to 'injuries' a quality or condition of happening or coming by chance or without design, taking place unexpectedly or unintentionally."

See, also, Fidelity & Casualty Co. of N. Y. v. Industrial Accident Commission of California, 177 Cal. 614, 171 P. 429.

In the case at bar neither the respondent nor the employer designed or expected the consequences resulting from the work said respondent was engaged in. It was an untoward event resulting in impairment to the disability of respondent on account of his being in contact with the alcoholic fumes in a room provided with insufficient ventilation, and in our opinion it does not fall within the occupational class for which our law affords no compensation. Our statute is to be liberally construed, and the facts in this case are susceptible of an interpretation which brings the respondent within the provisions of the clause "accidental personal injury." The conclusion reached in this case has not been free from difficulty. The symptoms from which the respondent suffers are similar to lead poisoning, but those cases come clearly within the class of occupational diseases. As to the notice, we find no error in the finding of the Commission.

Award affirmed.

CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, and KORNEGAY, JJ., concur. LESTER, C. J., and RILEY and ANDREWS, JJ., absent.

Note.—See under (1) annotation in L. R. A. 1916A, 30; L. R. A. 1917F, 867; 28 R. C. L. 787; R. C. L. Pocket Part, title "Workmen's Compensation," § 81. (2) annotation in 6 A. L. R. 1466; 23 A. L. R. 335.