## TRI-STATE CONTRACTORS, Inc., et al. v. ALTHOUSE et al.

No. 24421. Nov. 21, 1933.

Rehearing Denied Dec. 12, 1933.

Green & Farmer, for petitioners.

Commons & Chandler, for respondents.

BUSBY, J. This is an original proceeding instituted in this court by the Tri-State Contractors, Incorporated, and Aetna Life Insurance Company, as petitioners, to review an award of the State Industrial Commission for temporary total disability in favor of the respondent Frank Althouse. The petitioners herein are the employer and insurance carrier, respectively, and the respondent was the claimant before the State Industrial Commission. For the purpose of convenience the parties will be referred to as petitioners and claimant, respectively.

The claimant asserts that on the 2nd day of May, 1932, he received an accidental personal injury arising out of and in the course of his employment resulting in the temporary total disability for which the State Industrial Commission awarded him compensation. The record discloses that on the 2nd day of May, 1932, the claimant was an employee of the petitioner Tri-State Contractors, Inc. That on about five different occasions occurring during the three weeks period immediately preceding the 2nd day of May, he assisted in unloading cars of loose cement. As a result of his exposure to this cement dust while unloading these different cars of cement, his hands, neck, and face received what is described in the record as "cement burns", and that he likewise, in spite of the fact that he was wearing a mask, inhaled cement dust into his lungs. According to the claimant's testimony this condition began to manifest itself shortly after he began to do this character of work and gradually became worse, culminating in the disability complained of. On the 11th day of May, medical attendance was provided the claimant by the petitioners, and on the 14th day of May he quit work on account of his condition and was sent to a hospital at Tulsa, Okla., where he was confined for some time and treated for his injuries. He was voluntarily paid compensation by the petitioners until August 25, 1932. A claim for compensation had previously been filed on June 10, 1932, with the State Industrial Commission, and prior to that time the attending surgeon's report had been filed on May 13. 1932. The report of the attending physician furnished by the petitioners, certified that the claimant was not suffering from an "occupational disease." On September 13, 1932, the petitioners advised the claimant and the State Industrial Commission that the payment of compensation had been suspended and stopped. The

cause was then set for hearing before the State Industrial Commission, at which hearing the testimony of the claimant as well as various physicians who had examined him was introduced, after which, and on the 29th day of December, 1932, the Commission entered its order finding that the claimant was then suffering from temporary total disability resulting from an accidental personal injury, and awarding continuing compensation therefor until otherwise ordered by the Commission. The argument of the petitioners in their brief is set forth under two propositions, as follows:

"That the evidence in this record wholly fails to support the findings of the State Industrial Commission that the claimant, Frank Althouse, received and sustained an additional injury in the course of and growing out of his employment and on the contrary the evidence in this record clearly discloses that said claimant, Frank Althouse, did not receive an accidental injury which produced and brought about his condition."

Second Proposition. "The evidence in this record not showing that the claimant, Frank Althouse, received an accidental injury in the course of and growing out of his employment the award of the State Industrial Commission is illegal and finds no basis in law and is contrary to the law of this state and there was and is no jurisdiction for the State Industrial Commission to issue said award."

Both of these propositions are based upon the principal contention that the cause of the disability of the claimant was not **accidental** in character.

A number of definitions of the word "accidental," as used in the Workmen's Compensation Act and as stated by the courts of other states, are quoted. For some reason the petitioners do not refer to the previous decisions of this court defining and explaining the word "accidental" as used in the Workmen's Compensation Act. Petitioners then conclude that the cause of the injury in this case was not an accident and assert as the reason therefor that the same could not be attributed to a definite time, place, and cause. An examination of the record discloses that, while there is some conflict in the evidence as to the cause and place of the injury, there is ample evidence to support the view that it was caused by exposure to cement dust while unloading the cars of cement previously mentioned, and that within certain limitations the time is definitely fixed, being a period of about three weeks immediately preceding the 2nd

day of May, 1932, during which time the condition of the claimant gradually grew worse, culminating in the disability for which the compensation was awarded. It is said by the petitioners, however, in order to support an award of the Industrial Commission that the claimant should be able to point to some definite fortuitous event happening on a day certain in order that the injury sustained by him be classified as accidental in its nature. Unfortunately, in the previous decisions of this court there is not that degree of harmony which enables a decision of this question to be easily made. The distinction between an accidental injury and an occupational disease and the distinguishing characteristics of each have been discussed on many occasions by this court. Ward v. Beatrice Creamery Co., 104 Okla. 91, 230 P. 872; F. A. Gillespie & Sons Co. v. Johnson, 160 Okla. 222, 16 P. (2d) 870; St. Louis Mining & Smelting Co. v. State Industrial Commission, 113 Okla. 179, 241 P. 170; Bryant v. Beason, 153 Okla. 57, 4 P. (2d) 1061; United States Gypsum Co. v. McMichael, 146 Okla. 74, 293 P. 773; Wilson & Co. v. McGee, 163 Okla. 99, 21 P. (2d) 25; Vaughn & Rush v. Stump, 156 Okla. 125, 9 P. (2d) 764.

The same question has been the subject of copious annotations in A. L. R. Industrial Commission of Ohio v. Margaret Roth, 98 Ohio St. 34, 120 N. E. 172. 6 A. L. R. 1463, Ann., at page 1466; Tintic Milling Co. v. Industrial Commission of Utah (Utah) 206 P. 278, 23 A. L. R. 325, Ann. at page 335; Victory Sparkler & Specialty Co. v. Francks, 147 Md. 368, 128 Atl. 635, 44 A. L. R. 363, Ann., at page 371; Ray Patrick Sullivan's Case, (Mass.) 164 N. E. 457, 62 A. L. R. 1458, Ann., at page 1460; Young v. Melrose Granite Co., 152 Minn. 512, 189 N. W. 426, 29 A. L. R. 506, Ann., at page 510; Iwanicki v. State Industrial Accident Commission, 104 Ore. 650, 205 P. 990, 29 A. L. R. 682, Ann., at page 691.

We do not deem it necessary to undertake to add to these discussions. The question now before us in this case seems to be adversely settled to the contention of the petitioners in the case of Quality Milk Products v. Linde, 159 Okla. 256, 15 P. (2d) 58, and in the more recent case of Johnson Oil & Refining Co. v. Guthrie, 167 Okla. ___, 27 P. (2d) 814. In the last case an injury was declared to be accidental in character which resulted from inhaling gas fumes and coke dust over a period of time ultimately resulting, on a date that could be ascertained, in a disability to a claimant. The rule therein announced is controlling in the case at bar and the two cases are identical in principle. Upon the authority of the two cases last mentioned we hold that the injury suffered by claimant was sufficiently definite in point of time to be accidental in character.

In connection with this case we observe that in the order the injury received is described as:

"The nature of said injury being cement burns to both hands resulting in poisoning the whole system."

The evidence discloses that the injury was partially due at least to inhaling cement dust into the lungs, and while no particular importance is attached to this discrepancy by the petitioners, we observe from the brief of the claimant that the claimant relies to a large extent upon the evidence of the injury to the lungs to sustain the award of the Commission. Since the claimant does rely upon this evidence to support the award, and since it is being considered in this court as sustaining the award, we deem it proper, in order to avoid future confusion in connection with this case, to direct that the order be amended by inserting after the word "hands," in the quotation above stated, the phrase, "and cement dust inhaled by claimant into his lungs." The award, as amended, will be affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, and WELCH, JJ., concur. CULLISON, V. C. J., and BAYLESS, J., absent.