ROSS et al. v. ROSS et al.

No. 28973. April 11, 1939.

James C. Cheek, for petitioners.

Brown Moore, C. H. Baskin, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. In this proceeding C. C. Ross, hereafter referred to as petitioner, and his insurance carrier seek a review of an award made by the State Industrial Commission in favor of Buell Lewis Ross, hereafter referred to as respondent.

The record in this cause shows substantially the following state of facts: Respondent was a brother of the petitioner and had been in his employ as a metal worker and upholsterer for approximately two years prior to October 9, 1937. During the last four months of his employment respondent was exposed, for short periods of time and on an average of four times a week, to paint fumes discharged from a spray gun used by a fellow employee. On several of such occasions the respondent had become sick, and on October 9, 1937, he became so ill he had to quit work and procure medical treatment. On November 8, 1937, respondent filed with the State Industrial Commission employee's first notice of injury and claim for compensation and therein alleged that he had sustained an accidental injury as the result of his exposure to paint fumes. The petitioner filed employer's first notice of injury wherein he corroborated the claims of respondent. Thereafter the petitioner and his insurance carrier filed a general denial in said cause. The State Industrial Commission proceeded on January 28, September 26, and October 3, 1938, to hold hearings to determine liability and extent of disability. At the hearing held on January 28th, Doctors Thomas Forsythe and W. E. Floyd, who had examined and treated respondent immediately following his attack on October 9, 1937, testified in substance that respondent had a vaso-motor disturbance, and that such condition had been brought on by his exposure to paint vapors and that this disability was in their opinion temporary. At the hearings held on September 26th and October 3rd the respondent neglected to offer any further evidence regarding his condition and petitioners offered medical evidence which was in agreement only in that it definitely excluded any claim that respondent might be suffering from an occupational disease.

On the basis of the foregoing evidence the commission, on October 28, 1938, entered an award for temporary total disability from the date of injury to the date of said award and directed the payment of the sum of $675 as accrued compensation, and that future payments of compensation be made at the rate of $12.50 per week until the temporary total disability of respondent should cease or until otherwise ordered by the commission.

The petitioner and his insurance carrier, as grounds for the vacation of said award, urge in substance:

"(1) That the disability of respondent, if any, was due to occupational disease and not to accidental injury; (2) that there is no competent evidence to sustain a finding of disability as a result of either accident or disease; (3) that the finding by the commission that respondent's disability had resulted from inhalation of paint fumes establishes as a matter of law that an occupational disease was the cause of the disability; (4) that there is no evidence to support a finding of temporary total disability subsequent to January 28, 1938."

While it is a settled doctrine in this jurisdiction that compensation may not be awarded for a disability which results from an occupational disease (St. Louis Mining & Smelting Co. v. State Industrial Commission, 113 Okla. 179, 241 P. 170; U. S.

Gypsum Co. v. McMichael, 146 Okla. 74, 293 P. 773; Imperial Ref. Co. v. Bush, 155 Okla. 23, 7 P.2d 908; Wilson & Co. v. McGee, 163 Okla. 99, 21 P.2d 25), it is not necessary to discuss this rule, since petitioner's own medical evidence definitely eliminated from consideration any contention that respondent might be suffering from an occupational disease. It is also a thoroughly settled doctrine that benefits of the Workmen's Compensation Act are not confined to cases of traumatic injury and that inhalation of vapors, gas, or dust may constitute such an injury. Quality Milk Products Co. v. Linde, 159 Okla. 256, 15 P.2d 58; Johnson Oil & Ref. Co. v. Guthrie, 167 Okla. 83, 27 P.2d 814; 90 A. L. R. 616; Tri-State Contractors v. Althouse, 166 Okla. 296, 27 P.2d 1041. It is apparent from what has been said that there was competent evidence before the commission to sustain a finding of accidental injury within the definition of that term under the above-cited decisions. The first three contentions advanced by petitioner are supported neither by the facts shown in the record before us nor by the law as enunciated in the prior decisions of this court.

The final contention of the petitioner is fully supported by the decision of this court in the case of Smith et al. v. Zweifel, 176 Okla. 113, 54 P.2d 649, wherein it was said:

"If claimant's evidence establishes his temporary total disability from the date of the accident to a certain date prior to the hearing, but from that date to the date of the hearing there is no evidence of disability at all, that portion of the award covering the latter period will be vacated for lack of evidence, there being no presumption that a temporary disability continues until the opposite is shown."

As above pointed out, the evidence of respondent only established his condition at the time of the hearing held on January 28, 1938, and at no time thereafter. The award was not made until October 28, 1938, or ten months later, and although two intermediate hearings had been had, directed payment of compensation for the intervening period and a continuance of future payments without any evidence upon which to base such action other than the testimony which had been had ten months prior thereto. As pointed out above, there is no presumption that a temporary condition will continue indefinitely, and therefore the award as made was without any competent evidence to support it. Such an award will be vacated by this court as a matter of law. For the reasons stated, the award must be vacated for further proceedings consistent with the views herein expressed.

Award vacated.

BAYLESS, C. J., and RILEY, CORN, HURST, and DANNER, JJ., concur.