## OKLAHOMA NATURAL GAS CO. et al. v. WHITE et al.

No. 29367.   June 11, 1940.

Rehearing Denied July 16, 1940.

Application for Leave to File Second Petition for Rehearing Denied Sept. 10, 1940.

*105 P. 2d 225.*

T. A. Aggas, of Oklahoma City, for petitioners.

J. B. Moore, of Ardmore, and Mac Q. Williamson, Atty. Gen., for respondents.

OSBORN, J. This is an original action in this court instituted by the Oklahoma Natural Gas Company and its insurance carrier, hereinafter referred to as petitioners, to obtain a review of an award of the State Industrial Commission made on July 5, 1939, in favor of H. M. White, hereinafter referred to as respondent.

It appears that respondent, while in the employ of petitioner, Oklahoma Natural Gas Company, and on September 10, 1935, received the injury upon which his claim for compensation is predicated. The nature of the injury was stated as ruptured blood vessels in the left lung sustained while respondent was lifting a heavy desk. It was claimant's theory that the injury lighted up or aggravated a dormant tubercular condition, resulting in active pulmonary tuberculosis and consequent total disability of respondent. An award was entered on August 6, 1937, which was vacated by this court on account of lack of competent evidence to establish a causal connection between the injury and the disability. Oklahoma Natural Gas Co. v. White, 184 Okla. 152, 85 P. 2d 756.

After receipt of the mandate of this court, the commission conducted further hearings, and at the conclusion thereof entered the award which is now presented for review.

Petitioners urge that the award is unsupported by any competent evidence. In this connection it appears that certain medical men testified in behalf of claimant that prior to the date of the injury he had an inactive case of tuberculosis; that as a result of the strain of lifting the desk the tissues of the lung were broken, as evidenced by a hemorrhage at that time, and the tubercular condition became active and has been active since the date of the injury; that the disability is permanent. No evidence was introduced with regard to whether or not the maximum period of healing had been reached; therefore, the award was for temporary total disability. No complaint is made as to the degree of disability found by the commission. While the evidence is conflicting, it appears that there is competent evidence to sustain the finding of the commission relating to the causal connection between the injury and the resulting disability. See Skelly Oil Co. v. Rose, 176 Okla. 313, 55 P. 2d 1019; Oklahoma Furniture Mfg. Co. v. Washington, 180 Okla. 381, 70 P. 2d 69.

It is urged that the claim is barred by the provisions of section 13367, O. S. 1931, 85 Okla. St. Ann. § 43, as amended by section 4, chapter 29, Session Laws 1933, which act fixes a period of limitation of one year after the in-

jury for filing of a claim for compensation, and further provides that claims may be filed at any time within one year from the date of last payment of any compensation or remuneration in lieu of compensation. It is claimed that the injury occurred on September 10, 1935. The employee's first notice of injury was filed on December 29, 1936. It is noted, however, that the respondent's salary of $150 per month was paid by petitioner for a period of three months after the date of the injury and respondent was paid $50 per month for nine months thereafter.

In the case of Douthitt v. State Industrial Commission, 161 Okla. 79, 17 P. 2d 434, it was held:

"The question of whether payments made by employer to an injured employee, subsequent to the injury, are made as wages or compensation, under the Compensation Act, is, as a general rule, one to be determined by the Industrial Commission; and this court will not disturb its finding thereon, on petition to review, where there is any competent evidence reasonably tending to sustain the same."

See, also, Atlas Coal Co. v. Corrigan, 148 Okla. 36, 296 P. 963. In the instant case the commission found "that the claim herein was filed within one year from the last remuneration paid claimant in lieu of compensation." It appears that there is competent evidence in support of such finding. Petitioners' contention that the claim is barred by limitations is without merit.

Petitioners' further contentions relate to the question of notice. Respondent did not give the statutory written notice, but relies upon actual notice. The commission found "that claimant should be excused for not giving written notice to the respondent for the reason that respondent had actual notice and was not prejudiced thereby." In the case of Morton v. State Industrial Commission, 181 Okla. 157, 73 P. 2d 136, it was held that the question of whether the failure of an employee to give the statutory notice resulted in prejudice to the employer is a question of fact for

determination by the commission, and since the question is one "relating to administering relief under the act," where there is any competent evidence reasonably tending to support the same, such finding will not be disturbed on review by this court. The finding of the commission in this regard is sustained by competent evidence.

The award is sustained.

WELCH, V. C. J., and HURST, DAVISON, and DANNER, JJ., concur.