C. K. HOWARD & CO. et al. v. McKAY et al.

No. 30378. Sept. 9, 1941.

Rehearing Denied Oct. 7, 1941.

*117 P. 2d 525.*

Short & Pierson, Max G. Morgan, and John F. Reed, all of Oklahoma City, for petitioners.

Breck Moss and J. O. Moss, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by C. K. Howard & Company, hereinafter referred to as petitioner, and its insurance carrier to obtain a review of a decision rendered by the State Industrial Commission on April 26, 1941, which affirmed an award previously made by a trial commissioner on September 24, 1940, in favor of William S. McKay, hereinafter referred to as respondent.

The decision submitted for review was rendered after a hearing granted petitioner on appeal to the commission sitting en banc as directed in the case of C. K. Howard & Co. v. McKay, 188 Okla. 623, 112 P. 2d 169.

The award was one of compensation for a temporary total disability found to have resulted from an accidental personal injury, in the form of lead poisoning, which respondent had sustained as a consequence of exposure to vaporized lead paint discharged by a pressure spray gun while the respond-ent was engaged in painting a bridge structure as an employee of the petitioner.

The evidence which was uncontroverted and undenied established, substantially, the following state of facts: Respondent worked half a day on July 22, 1940, and experienced some discomfort and requested a respirator, which the petitioner furnished but which respondent testified, by reason of its age and condition, was only partially effective. Respondent worked the following day and skipped a day on account of lack of paint and then worked three days more with the lead paint and two days with aluminum paint, which had no lead content. The respondent testified that he began to have stomach cramps and muscular pains on the third day, but that he thought that his difficulty was due to the confined space in which he was working and the intense heat, and continued with his work until he finished his employment, which was on the 31st day of July, 1940; that respondent returned to his home and his condition became such as to require medical attention; that respondent was unable to get in touch with Mr. Howard, and at the direction of Mrs. Howard he consulted a physician and thereafter consulted Dr. John R. Little and took treatment from him. This doctor testified that he found respondent suffering from an acute attack of lead poisoning, which in the opinion of said witness was due to the exposure to vaporized paint while in the employ of the petitioner, and that the condition of respondent was temporary rather than chronic. Under the evidence, substantially as above narrated, a finding of fact of temporary total disability as a result of accidental injury was made and the award followed. The petitioner contends that said award is erroneous and illegal for the following reason:

"The State Industrial Commission was without jurisdiction to allow claimant's claim for compensation, the evidence being insufficient to sustain the award of the commission and there being no evidence tending to show that the

claimant sustained an accidental personal injury during the course of his employment with the respondent, while on the contrary, such evidence affirmatively shows that claimant's disability, if any, is caused by reason of the contraction of an 'occupational disease' as distinguished from an accidental injury."

The authority of the State Industrial Commission to award compensation in any case is limited to disability which results from an accidental injury (subdivision 7, sec. 13350, O. S. 1931, 85 Okla. St. Ann. § 3, subd. 7; Ford Motor Co. v. Scruggs, 154 Okla. 219, 7 P. 2d 479; Thomas v. Ford Motor Co., 114 Okla. 3, 242 P. 765), and such authority does not extend to disabilities which result from an occupational disease. Pace, Rainer & Pace v. Robertson, 186 Okla. 406, 98 P. 2d 46; Wilson & Co. v. McGee, 163 Okla. 99, 21 P. 2d 25; Imperial Ref. Co. v. Buck, 155 Okla. 25, 7 P. 2d 908; United States Gypsum Co. v. McMichael, 146 Okla. 74, 293 P. 773; St. Louis Mining & Smelting Co. v. State Industrial Commission, 113 Okla. 179, 241 P. 170. However, an accidental injury may result from the inhalation of vapor, gas or dust (Ross v. Ross, 184 Okla. 626, 89 P. 2d 338; Gulf Oil Corp. v. Garrison, 183 Okla. 631, 84 P. 2d 12; Johnson Oil Ref. Co. v. Guthrie, 167 Okla. 83, 27 P. 2d 814, 90 A. L. R. 616; Tri-State Contractors v. Althouse, 166 Okla. 296, 27 P. 2d 1041; Quality Milk Products v. Linde, 159 Okla. 256, 15 P. 2d 58), the controlling factor being in such case whether the injury can be said to have occurred at a definite time and as a result of short exposure rather than as the natural consequence of the employment over a long period of time. However, it is not essential that the injury follow immediately upon the exposure. As said in Tri-State Contractors, Inc., v. Althouse, supra:

"An injury to an employee, engaged in a hazardous occupation, resulting from exposure to, and inhaling of, cement dust during a short period of time (three weeks in this case) which begins to manifest itself soon after the employee is first exposed and grows progressively worse, culminating at the end of such short and definite period of time in a disability, is sufficiently certain and definite in point of time to be an 'accidental injury' within the meaning of that term as used in connection with the Workmen's Compensation Act."

Measured by the rule announced in the foregoing decisions, we are of the opinion that the evidence in the case at bar fully supports the finding of accidental injury, and that therefore the award of compensation for temporary disability was proper under all of the evidence and should not be disturbed.

Award sustained.

WELCH, C. J., CORN, V. C. J., and OSBORN, GIBSON, and DAVISON, JJ., concur.