EAGLE-PICHER MINING & SMELT-
ING CO. v. LOYD et al.

No. 30956. June 1, 1943.

*138 P. 2d 536.*

John R. Wallace and A. C. Wallace, both of Miami, and John Campbell, of Joplin, Mo., for petitioner.

A. L. Commons, of Miami, and Sylvan Bruner and Pete Farabi, both of Pittsburg, Kan., and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. On the 21st day of January, 1942, Bodine Loyd, hereinafter called respondent, filed his first notice of injury and claim for compensation stating that he sustained an accidental injury arising out of and in the course of his employment with Eagle-Picher Mining & Smelting Company, hereinafter referred to as petitioner, on December 9, 1941. An award was filed under date of April 28, 1942, finding that the respondent had been temporarily totally disabled and excusing the giving of the statutory written notice provided by 85 O. S. 1941 § 24, and to review this award the petitioner commenced this proceeding.

The evidence tends reasonably to disclose that respondent was employed by petitioner as a blacksmith helper and was paid $41 weekly; that he had been so employed for approximately three years; that on the date of the alleged injury he was in the blacksmith shop using cyanized gas, acids; that he was hardening shill block pins made of metal; that this is a method of crystalizing in which the acids are heated with the aid of flame and a steel trough; that when he got the mixture to put in the pins it had reached boiling point and exceedingly strong fumes and flame came from and around the mixture; that the fumes, flame, and smoke shot up in his face and by breathing them he sustained his injury.

It is first argued that there was no competent evidence tending to support the finding that there was an accidental injury. Without entering into a rediscussion of what constitutes an accident, we cite the following cases, in which this court has announced the

doctrine that benefits of the Workmen's Compensation Law (85 O. S. 1941 § 1 et seq.) are not confined to cases of traumatic injury, and that inhalation of vapors, gas, or dust may constitute an accidental injury: Ross v. Ross, 184 Okla. 626, 89 P. 2d 338; Johnson Oil Refining Co. v. Guthrie, 167 Okla. 83, 27 P. 2d 814; Quality Milk Products v. Linde, 159 Okla. 256, 15 P. 2d 58.

The difference is always in the application to the fact situation. Petitioner has cited United States Gypsum Co. v. McMichael, 146 Okla. 74, 293 P. 773. That case dealt with an occupational disease not compensable and is not in point. Dr. Benage, called as a medical expert witness for the respondent, testified that in his opinion the respondent was suffering from a disability caused by the accidental injury of December 9, 1941, and that the excessive fumes, flame, and smoke lighted up and aggravated a prior tubercular condition from which the respondent was suffering. This testimony sustains the finding of the State Industrial Commission that there was an accidental injury and resulting disability. See, also, in this connection Wasmuth-Endicott Co. v. Karst, 77 Ind. A. 279, 133 N. E. 609; Matthiessen & Hegeler Zinc Co. v. Industrial Board, 284 Ill. 378, 120 N. E. 249, and United States Fidelity & Guaranty Co. v. State Industrial Commission, 76 Colo. 241, 230 P. 624.

It is next argued that there was a failure to comply with 85 O. S. 1941 § 24 as to giving the statutory written notice. As many times held by this court, this section provides that the statutory written notice shall be given unless the State Industrial Commission for the assigned reasons excuses the giving of such notice. The State Industrial Commission entered its finding that the petitioner was not prejudiced by a failure to give the statutory written notice and there is competent evidence to sustain such finding. Oklahoma Natural Gas Co. v. White, 187 Okla. 627, 105 P. 2d 225; Quality Milk Products v. Linde, supra.

The award of the State Industrial Commission is sustained.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.