FISCHER-KIMSEY CO. et al. v.
KING et al.

No. 32150. Oct. 2, 1945.

Rehearing Denied Oct. 23, 1945.

162 P. 2d 519.

Looney, Watts, Fenton & Eberle, of Oklahoma City, for petitioners.

Claud Briggs, of Oklahoma City, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by Fischer-Kimsey Company, the employer, and its insurance carrier, Hartford Accident and Indemnity Company, to review an award made to James M. King, hereinafter called respondent.

The record discloses without substantial conflict that on the 4th day of January, 1944, respondent sustained a severe and serious accidental injury. This accident was known to the employees of the Fischer-Kimsey Company and its managing agent was thoroughly advised of the accident at the time it happened and sent the respondent to a physician for treatment.

On the 19th day of February, 1944, respondent filed his employee's first notice of injury and claim for compensation stating that he mashed his hand in said accident, and that the loss of use thereof was temporary. On the same date there was filed with the State Industrial Commission Form 7, stipulation and receipt. This receipt acknowledged the date of injury, stating that it was to the left hand and acknowledged a total payment of $81. The employer had meanwhile, under date of January 7, 1944, filed its first report of the injury on a form provided by the Hartford Accident & Indemnity Company, and on February 19, 1944, there was filed on behalf of the employer and Hartford Accident & Indemnity Company an attending physician's report.

Thereafter, on October 9, 1944, respondent filed first notice of injury and claim for compensation therein stating that he sustained an accidental injury arising out of and in the course of his employment on January 4, 1944, when a heavy steam heating unit fell from a truck mashing his left hand and so causing a strain that resulted in a double inguinal hernia. In the award the finding was made excusing the giving of the statutory written notice, therein stating that the petitioners had actual notice of the accidental injury, and therefore were not prejudiced by the failure to give the statutory written notice.

The award was made for the two injuries. The petitioners have appealed and in a single proposition urge that the award cannot be sustained for the reason that it is contrary to the rule announced by this court in Dover Oil Co. v. Bellmyer, 163 Okla. 51, 20 P. 2d 556, Id., 175 Okla. 19, 52 P. 2d 761. In the latter case we stated that when it appears that written notice has not been given as required by 85 O. S. 1941 § 24, and that fact is made an issue in the trial before the State Industrial Commission and the record discloses that the employer did not have actual notice of the accidental injury, the burden rests on the claimant to prove by competent evidence that for some sufficient reason notice could not

have been given or that the insurance carrier or employer, as the case may be, has not been prejudiced thereby. The claimant therein had filed first notice of injury stating that he had a disability to his ankle. Thereafter he filed a subsequent notice of injury and claim for compensation stating that he had a disability by reason of a back and spine injury. We held that there was no actual notice of the injury to the back and spine, and that it was necessary to excuse the giving of the statutory written notice of injury to the back and spine.

Subsequent to the opinions above referred to, we decided Oklahoma Gas & Electric Co. v. Hunsicker, 178 Okla. 565, 63 P. 2d 21; Amerada Petroleum Corp. v. Lovelace, 184 Okla. 140, 85 P. 2d 407; and J. B. Klein Iron & Foundry Co. v. State Industrial Commission, 185 Okla. 424, 93 P. 2d 751. In Oklahoma Gas & Electric Co. v. Hunsicker, supra, we stated that the decided cases of this court stand for the principle that if the employer receives notice of accident, this is sufficient, even though the notice does not specifically enumerate all the injuries received. This rule has been consistently followed in the later cases above referred to.

It is not untimely to point out that the term "actual notice" is nowhere used in our statute. 85 O.S. 1941 § 24. This section authorizes the State Industrial Commission to excuse the giving of the statutory written notice on the ground (1) that notice for some sufficient cause could not have been given; or, (2) on the ground that the insurance carrier, or the employer, as the case may be, has not been prejudiced thereby. As stated in Amerada Petroleum Corp. v. Lovelace, supra, the purpose of notice is to give the insurance carrier or the employer an opportunity to examine the injured employee and determine the good faith of his claim. Therefore, where the State Industrial Commission has excused the giving of the statutory written notice on either the first or second ground, it is immaterial in what manner the state-

ment excusing the giving of the statutory written notice is made if the finding is reasonably sustained by the evidence. We are inclined to the view that the term "actual notice" used in some of our cases crept in from the examination of opinions of states which have an "actual notice" statute.

In our former opinions we have in effect held that when the evidence discloses facts which might constitute actual notice within the meaning of that term as expressed judicially by this court this constitutes a basis for a finding that the employer or the insurance carrier, as the case may be, has not been prejudiced by the failure to give the statutory written notice, without further evidence. Skelly Oil Co. v. Johnson, 157 Okla. 278, 12 P. 2d 177, and Protho v. Nette, 173 Okla. 114, 46 P. 2d 942.

After the opinions in Skelly Oil Co. v. Johnson and Protho v. Nette, supra, we decided the case of Nuway Laundry v. Trice, 182 Okla. 518, 78 P. 2d 706, and therein pointed out that it is the duty of the State Industrial Commission to make a finding as to notice when the failure to give the statutory written notice was raised, and since have many times announced the rule following the above statute and have consistently held that the only limitation on the right of the State Industrial Commission to excuse the giving of the statutory written notice is contained in the statute itself; and that where the State Industrial Commission has excused the giving of the statutory written notice on either of the two grounds provided by the statute, and there is competent evidence in the record reasonably tending to sustain the finding on either ground, an award based upon such finding will not be disturbed on review. Oklahoma Natural Gas Co. v. White, 187 Okla. 627, 105 P. 2d 225; Gulf Oil Corp. v. Garrison, 183 Okla. 631, 84 P. 2d 12, and many other cases.

We therefore hold that when the State Industrial Commission has made the finding excusing the giving of the stat-

utory written notice on the ground that the employer or the insurance carrier, as the case may be, has not been prejudiced by failure to give the statutory written notice, and there is competent evidence reasonably tending to sustain the finding, an award based thereon will not be disturbed simply because the trial commissioner, or the State Industrial Commission on appeal, as the case may be, has made a finding that the employer, or the insurance carrier, had had "actual notice" of the injury.

There is competent evidence in the record reasonably tending to support the finding of the trial commissioner, affirmed by the State Industrial Commission, that under the facts and circumstances of the case the employer or the insurance carrier was not prejudiced by failure to give the statutory written notice.

This is the single issue presented in this proceeding.

The award of the State Industrial Commission is sustained.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and ARNOLD, JJ., concur.