DOUGLAS AIRCRAFT CO. et al. v. SNIDER et al.

No. 32016. Dec. 18, 1945.

Rehearing Denied Feb. 5, 1946.

*165 P. 2d 634.*

Bulla & May, of Oklahoma City, for petitioners.

Gilliland, Ogden, Withington & Shirk, of Oklahoma City, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. On the 29th day of February, 1944, Lorene T. Snider, hereinafter referred to as respondent, filed her first notice of injury and claim for compensation stating that while employed as a welder for petitioner, Douglas Aircraft Company, she sustained an accidental injury arising out of and in the course of her employment. On the 15th day of July, 1944, the trial commissioner entered an award for total temporary disability ordering payment at the rate of $18 per week not exceeding 300 weeks. This award was appealed to the State Industrial Commission and affirmed by the commission en banc on October 24, 1944. This proceeding is brought to review the award.

The record discloses that respondent was employed by the petitioner as a welder. She started to work with the petitioner on the 27th day of October, 1943. She was trained as a welder for two months, finishing the training December 27, 1943. She was first examined by the company physician. This examination included complete X-ray and tests for tuberculosis. The result of this examination is not herein shown, but petitioner nevertheless hired her, indicating the approval of her physical condition for employment. She was put to work on production welding plane parts. Some of these parts were unpainted and some were painted. She stated that when she started to weld on the painted parts they fumed up like a torch and she inhaled the fumes and they strangled her and burned her nose and throat and she began to cough. She stated that at times these fumes were so strong they made her cough violently. She went to the foreman and asked him to give her a gas mask. He told her to wash her throat with water and to rest. Subsequently she was told a gas mask was not suitable for such work. This experience with the painted parts of the planes occurred once or twice a week during her employment, and continued until on or about the 16th day of February, 1944, when she was again examined by the company physician and X-rayed and spots were found on her lungs. She was sent to Dr. Moorman and on examination by him was found to have active tuberculosis. On the 16th day of February, 1944, she quit work and has not worked since.

Her husband was treated for tuberculosis in a sanitarium at Okmulgee for 14 months. He was brought home on the 4th day of July, 1942, and died July 25, 1942. Prior to her commencing work with the petitioner she had had some examinations and tests for tuberculosis, her last test being in 1942 just after the birth of a child. The theory of petitioner is that she was afflicted with tuberculosis prior to her employment; while the theory of claimant is that, either the alleged accident caused her present condition, or it lighted up a latent condition resulting in her present condition.

The trial commissioner found that she sustained an accidental injury on the 15th day of January, 1944. The evidence supporting this finding is that about a month before she quit on the 16th day of February, she experienced extraordinary pain and when she took a deep breath it cut her chest and lungs.

It is first argued that if it be found that the series of events lighted up or caused tuberculosis, this does not constitute an accidental injury. An accident, as contemplated by the Workmen's Compensation Law, 85 O. S. 1941 § 1, et seq., is distinguished from an occupational disease in that it arises by some definite event the date of which can be fixed with certainty, but which cannot be so fixed in the case of an occupational disease. Eagle-Picher Mining & Smelting Co. v. Loyd, 192 Okla.

554, 138 P. 2d 536; Johnson Oil Refining Co. v. Guthrie, 167 Okla. 83, 27 P. 2d 815, 90 A. L. R. 616; Tri-State Contractors v. Althouse, 166 Okla. 296, 27 P. 2d 1041. In Tri-State Contractors v. Althouse, supra, an employee was using a spray gun and after a period of approximately a month sustained an accidental injury. Therein this court said:

"The same question has been the subject of copious annotations in A. L. R., Industrial Commission of Ohio v. Margaret Roth et al., 98 Ohio St. 34, 120 N. E. 172, 6 A. L. R. 1463, annotation at page 1466; Tintic Milling Co. et al. v. Industrial Commission of Utah, 60 Utah, 14, 206 P. 278, 23 A. L. R. 325, annotation at page 335; Victory Sparkler & Specialty Co. v. Francks, 147 Md. 368, 128 A. 635, 44 A. L. R. 363, annotation at page 371; Ray Patrick Sullivan's Case, 265 Mass. 497, 164 N. E. 457, 62 A. L. R. 1458, annotation at page 1460; Young v. Melrose Granite Co., 152 Minn. 512, 189 N. W. 426, 29 A. L. R. 506, annotation at page 510; Iwanicki v. State Industrial Accident Commission, 104 Ore. 650, 205 P. 990, 29 A. L. R. 682, annotation at page 691.

"We do not deem it necessary to undertake to add to these discussions. The question now before us in this case seems to be adversely settled to the contention of the petitioners in the case of Quality Milk Products et al. v. Linde et al., 159 Okla. 256, 15 P. 2d 58, and in the more recent case of Johnson Oil Refining Co. v. Guthrie et al., 167 Okla. 83, 27 P. 2d 814. In the last case an injury was declared to be accidental in character which resulted from inhaling gas fumes and coke dust over a period of time, ultimately resulting on a date that could be ascertained in a disability to a claimant."

See, also, Ross v. Ross, 184 Okla. 626, 89 P. 2d 338, and the annotations and cited cases following Johnson Oil Refining Co. v. Guthrie, supra, 90 A. L. R. at page 619, and following.

We are of the opinion, and hold, that the evidence is sufficient to sustain the finding as to accidental injury.

Petitioner next presents the proposition that there is no competent evidence reasonably tending to support the finding that the use of the torch on the painted parts in the welding of the planes lighted up a prior tubercular condition or caused tuberculosis. Dr. Boatright, after a complete examination and view of the pictures, states that in his opinion the working with the torch on the painted parts of the planes furnished by petitioner caused a prior latent tubercular condition to be lighted up or aggravated. We have held that an accidental injury which lights up or aggravates a prior latent tubercular condition is compensable. Eagle-Picher Mining & Smelting Co. v. Loyd, supra. Dr. Moorman, while not as specific in his testimony, stated that she had tuberculosis and the evidence offered by him supports the more positive testimony of Dr. Boatright. We have held that in a proceeding before the Industrial Commission, where the disability alleged to exist is of such a character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proved by the testimony of skilled professional persons (City of Kingfisher v. Jenkins, 168 Okla. 624, 33 P. 2d 1094); and that the cause and extent of a disability resulting from an accidental injury are questions of fact, and if there is any competent evidence reasonably tending to support the finding of the Industrial Commission, an award based thereon will not be disturbed on review. City of Kingfisher v. Jenkins, supra; Oklahoma Natural Gas Co. v. White, 187 Okla. 627, 105 P. 2d 225; Superior Oil Co. v. Swimmer, 177 Okla. 396, 60 P. 2d 734; Southern Ice Utilities Co. v. Barra, 178 Okla. 291, 62 P. 2d 988; Klein Iron & Foundry Co. v. State Industrial Commission, 185 Okla. 424, 93 P. 2d 751.

Petitioners quote at length from the medical testimony of their own expert witnesses. We have said that the State Industrial Commission is at liberty to refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence, nor is it required to give credence to the greater amount of evidence as against the lesser.

436

Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. 2d 847.

We are of the opinion, and hold, that the evidence reasonably tends to support the finding that the disability is the result of the accidental injury.

Finally, petitioner claims that there was no ground for the excusing of the giving of the statutory written notice. We have said that under 85 O. S. 1941 § 24 the State Industrial Commission is authorized to excuse the giving of the statutory written notice either on the ground that notice for some sufficient reason could not have been given or on the ground that the employer or insurance carrier, as the case may be, has not been prejudiced by failure to give the statutory written notice, and where there is any competent evidence to support the action of the State Industrial Commission in this respect, the award will not be vacated for failure to give the statutory written notice. Eagle-Picher Mining & Smelting Co. v. Loyd, supra, and Oklahoma Natural Gas Co. v. White, supra; Quality Milk Products et al. v. Linde, 159 Okla. 256, 15 P. 2d 58.

There is competent evidence in the record reasonably tending to support the finding of the State Industrial Commission that neither the employer nor the insurance carrier was prejudiced by failure to give the statutory written notice.

Award sustained.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, WELCH, DAVISON, and ARNOLD, JJ., concur.