HOWZE et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 35713.    May 19, 1953.

*257 P. 2d 502.*

Kerr, Lambert, Conn & Roberts, Ada, for petitioners.

Frank Seay, Seminole, and Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, J. This is a proceeding brought by the employers and insurance carrier, hereinafter called petitioners, to review an award made on claims filed by claimant, Ray Lawhorn, in which he stated that he sustained an accidental injury arising out of and in the course of his employment with the employers while using a cleaning chemical. An award was made by the State Industrial Commission for temporary total disability and the petitioners have brought this proceeding to review the same.

The evidence discloses that claimant was employed in the cleaning establishment of employers at Seminole, Oklahoma, from November, 1949, until he quit work on September 23, 1950. Neither he nor his employers were experienced in the cleaning of furs. He was instructed on just one occasion in the presence of one of his employers by a salesman for the cleaner as to the method of cleaning furs. This chemical was the one used by claimant. The furs accumulated in the establishment beginning in the months of April and May of each year. They were stored until August and then the furs were cleaned separately and apart from the other cleaning. This work was done on Sundays so that it would not interfere with the other cleaning done in the plant. On Sunday, August 6, and Sunday, August 27, 1950, claimant, alone in the plant, cleaned a large number of furs. In the process he used carbon tetrachloride as the principal cleaning chemical. The furs were placed in a drum or tumbler for cleaning. This drum was an ordinary cleaning drum and not specially designed for cleaning furs. It was not airtight. Claimant tes-tified that in the process of cleaning he was forced to open the tumbler and place his face slightly inside thereof close to the garments in the process of cleaning and drying the same; that on August 6, 1950, he became sick and the next morning reported to his employers who sent him to physicians chosen by them; that the physicians advised him to go home and go to bed; that he was in bed for a period of one week. On the 27th day of August, thereafter, he again became ill because of contact with the chemical and was again sent to the same physicians and was off work for one day. Finally he quit work and is now temporarily totally disabled and is being hospitalized in Will Rogers Veterans Hospital.

Dr. G. W. Winkelman testifying for claimant stated that he first saw claimant in June, 1951, and that claimant has been under his care since June 29, 1951; that according to the history of the case claimant is temporarily totally disabled by reason of the contact with the carbon tetrachloride. On cross-examination Dr. Winkelman was asked if this condition was due to a gradual subjection to said chemical and he replied that he based his opinion on a mass contact on the two dates given by claimant.

It is first argued that the evidence is not sufficient to sustain the finding that the claimant sustained an accidental injury arising out of and in the course of his employment. An accident as contemplated by the Workmen's Compensation Law, 85 O.S. 1951 §1 et seq., is distinguished from an occupational disease in that it arises by some definite event the date of which can be fixed with certainty, but which cannot be so fixed in case of an occupational disease. Johnson Oil Ref. Co. v. Guthrie, 167 Okla. 83, 27 P. 2d 814; Tri-State Contractors v. Althouse, 166 Okla. 296, 27 P. 2d 1041; Ross v. Ross, 184 Okla. 626, 89 P. 2d 338; C. K. Howard & Co. v. McKay, 189 Okla. 453, 117 P. 2d 525; Eagle-Picher Mining & Smelting Co. v. Loyd, 192 Okla. 554, 138 P. 2d 536; Douglas Aircraft Co. v. Sni-

der, 196 Okla. 433, 165 P. 2d 634. In Tri-State Contractors v. Althouse, supra, after discussing a number of cases of this and other courts, it is stated:

"We do not deem it necessary to undertake to add to these discussions. The question now before us in this case seems to be adversely settled to the contention of the petitioners in the case of Quality Milk Products et al. v. Linde et al., 159 Okla. 256, 15 P. 2d 58, and in the more recent case of Johnson Oil Refining Co. v. Guthrie et al., 167 Okla. 83, 27 P. 2d 814. In the last case an injury was declared to be accidental in character which resulted from inhaling gas fumes and coke dust over a period of time ultimately resulting, on a date that could be ascertained, in a disability to a claimant. * * *"

We are of the opinion and hold that the evidence was sufficient to sustain the finding of the State Industrial Commission that there was an accidental injury arising out of and in the course of the employment.

It is next argued that the evidence is insufficient to sustain the finding of the State Industrial Commission that the disability is caused by the accidental injury. Reference is again made to the testimony of Dr. Winkelman above. Dr. Gallaher filed a report which substantiates the conclusion that the disability is the result of the accidental injury although the report does not contain all of the facts supplied by the direct testimony of Dr. Winkelman.

In Douglas Aircraft Co. v. Snider, supra, we said:

"* * * We have held that in a proceeding before the Industrial Commission, where the disability alleged to exist is of such a character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proved by the testimony of skilled professional persons (City of Kingfisher v. Jenkins, 168 Okla. 624, 33 P. 2d 1094); and that the cause and extent of a disability resulting from an accidental injury are questions of fact, and if there is any competent evidence

reasonably tending to support the finding of the Industrial Commission, an award based thereon will not be disturbed on review. * * *"

See, also, Oklahoma Natural Gas Co. v. White, 187 Okla. 627, 105 P. 2d 225; Superior Oil Co. v. Swimmer, 177 Okla. 396, 60 P. 2d 734; Southern Ice & Utilities Co. v. Barra, 178 Okla. 291, 62 P. 2d 988; Klein Iron & Foundry Co. v. State Industrial Commission, 185 Okla. 424, 93 P. 2d 751.

There is competent evidence reasonably tending to sustain the finding that the disability is the result of the accidental injury.

Award sustained.

HALLEY, C.J., and WELCH, CORN, O'NEAL, and WILLIAMS, JJ., concur.