OKEMAH PUBLISHING COMPANY and United States Fidelity and Guaranty Company, Petitioners,

v.

Lona L. AARON and M. E. Aaron and the State Industrial Commission, Respondents.

No. 36643.

Supreme Court of Oklahoma.

June 21, 1955.

Rehearing Denied July 13, 1955.

Fenton & Fenton, H. R. Palmer, Oklahoma City, for petitioners.

Ross & Ross, Okemah, Wayne W. Bayless, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, Vice Chief Justice.

On January 24, 1953, Lona L. Aaron filed a claim for compensation under the Death Benefits provision of 85 O.S.1951 § 1 et seq., therein stating that Naomi H. Aaron died December 3, 1952, from an ac-

cidental injury arising out of and in the course of her employment with Okemah Publishing Company. The cause of death was stated to be tetanus resulting from an injury received November 8, 1952, when Naomi Aaron scratched her finger while operating a teletype machine. On August 25, 1954, the Commission entered an award for the total amount of $13,500, for Lona L. Aaron and M. E. Aaron, parents of Naomi H. Aaron, hereinafter called claimants, and this proceeding is brought by Okemah Publishing Company and its insurance carrier, United States Fidelity and Guaranty Company, hereinafter called petitioners, to review the award.

■ It is first argued that the employment of deceased was not hazardous within the meaning of the Workmen's Compensation Law. 85 O.S.1951 §§ 2 and 3. Neither a newspaper nor publisher is listed by name as one of the employments defined as hazardous. Printing is specifically mentioned and newspapers and publishers as such have been held within the definition of printing. Okmulgee Democrat Pub. Co. v. State Industrial Commission, 86 Okl. 62, 206 P. 249.

The evidence discloses that the printing shop is directly back of a one room office where the editor and Naomi Aaron worked. W. G. Strong, owner and editor, testified Naomi Aaron had her desk about four feet from his desk and was employed as an operator of the teletype machine. Jack Strong, assistant editor and son of G. W. Strong, gave similar testimony. Two other witnesses for the employer stated that they were employed in the printing shop and knew Naomi Aaron while she was employed in the front office. Petitioners made no specific denial that Naomi Aaron was engaged in hazardous employment and offered no evidence to refute the fact that she was so employed. In 85 O.S.1951 § 27, it is stated:

"In any proceeding for the enforcement of a claim for compensation under this act, it shall be presumed in the absence of substantial evidence to the contrary:

"1. That the claim comes within the provisions of this act."

In Dillon v. Dillman, 133 Okl. 273, 272 P. 373, it is stated:

"Where the claimant before the Industrial Commission seeking compensation for alleged injury alleges that he was employed in a hazardous employment, that of team foreman for a teaming contractor, his employer, and the same is not denied by the employer or insurance carrier in the trial before the Industrial Commission, and the question is raised for the first time before this court that the same was not a hazardous employment and does not come within the provisions of the act, the presumption contained in section 7295, C.O.S.1921 [85 O.S.1951 § 27], that the claim comes within the provisions of the act, will prevail."

We are of the opinion and hold that the finding that Naomi Aaron was an employee engaged in a hazardous employment is sustained by the record, in view of such presumption.

■ It is next argued that the evidence is insufficient to support the finding that Naomi Aaron died as a result of an accidental injury arising out of and in the course of her employment. A girl companion testified she saw Naomi Aaron scratch her finger on the teletype machine on the evening of November 8, 1952. Other witnesses testified they saw her bandaged finger. She was hospitalized on November 30, 1952. Dr. B who treated her gave the history he received from Naomi Aaron and testified she died of tetanus, the original injury being the scratch on the finger she received while operating the teletype in the office of Okemah Publishing Company.

In Douglas Aircraft Co. v. Snider, 196 Okl. 433, 165 P.2d 634, 635, it is stated:

"The cause and extent of a disability resulting from an accidental injury are questions of fact and where there is any competent evidence reasonably tending to support the finding of the State Industrial Commission, an award based thereon will not be disturbed on review."

The evidence is sufficient to sustain the finding that the accidental injury arose out

of and in the course of the employment with Okemah Publishing Company.

■ Petitioners next argue that there is no competent evidence to sustain the finding that petitioners were not prejudiced by the failure to give statutory written notice. 85 O.S.1951 § 24. The terms of the statute as to notice since the amendment providing for death benefits and until the 1953 amendment were as follows:

"Notice of an injury or death for which compensation is payable under this Act shall be given to the Commission and to the employer within thirty (30) days after the injury and also in case of death. Such notice may be given by any person claiming to be entitled to compensation, or by some one in his behalf. The notice shall be in writing, and contain the name and address of the employee or dependents, and state in ordinary language, the time, place, nature and cause of the injury or death, and be signed by him or by a person in his behalf. * * *"

So far as we have been able to ascertain it has not been construed in connection with a case where statutory written notice could have been given by the person injured but none is given and no claim filed and death results as in the case now being considered. Petitioners argue that they should have been informed by Naomi Aaron of her claim that she was injured on November 8, 1952, so that they could have made an independent investigation prior to the time she died. Had Naomi Aaron been claimant the argument made by petitioners would be very pertinent but since the death occurred within the original 30 days, the accident having happened November 8, 1952, death resulting December 3, 1952, thereafter, the claim was not barred for failure to give the statutory written notice at the time Naomi Aaron died. On the day following her death the attorney for claimants informed the editor W. G. Strong that a claim would be filed for the death benefits because the death of Naomi Aaron was due to an injury received in the course of her employment.

The statement in the award that petitioners had actual notice may not be techni-cally correct but at the time the attorney for claimants talked to the editor on the day following the death of Naomi Aaron the employer knew not only of the death but was informed that it was claimed that the death resulted from an accidental injury received during her employment. We have many times held that the State Industrial Commission is authorized to excuse the giving of the statutory written notice on the ground that the employer has not been prejudiced by a failure to give the same, and if there is any competent evidence to support the finding that the employer has not been prejudiced this court will not disturb the action of the State Industrial Commission. Jones v. Oliver, 204 Okl. 164, 228 P.2d 173; Shell Oil Co. Inc., v. Thomas, 202 Okl. 190, 211 P.2d 263; Fischer-Kimsey Co. v. King, 196 Okl. 92, 162 P.2d 519. There is competent evidence reasonably tending to support the finding that the petitioners were not prejudiced by a failure to give the statutory written notice.

■ Finally it is argued that Lona L. Aaron and M. E. Aaron were not dependents of Naomi Aaron. The father is a welder and testified he makes approximately $1,800 a year at a small business of his own. Naomi Aaron received $36 per week as wages. The father testified that she spent practically everything she made for the upkeep of the home. The mother testified that she contributed most of her wages at home and that she meant by this more than half of her wages every month. Although on cross-examination both the father and mother stated that Naomi Aaron did not give either of them any money to be spent on household expenses they both stated that she purchased things needed for the home and to be used at home out of her own funds. In G. I. Construction Co. v. Osborn, 208 Okl. 554, 257 P.2d 1056, this court stated:

"The Death Benefit provision of the Workmen's Compensation Act should be broadly and liberally construed in determining the question of dependency.

"A finding by the State Industrial Commission of dependency under the

Death Benefit provision of the Workmen's Compensation Act will not be disturbed on review where such finding is reasonably supported by competent evidence."

In the above case and in Cimarron Telephone Co. v. Nance, 208 Okl. 622, 255 P.2d 931 and Industrial Const. Co. v. State Industrial Commission, Okl., 266 P.2d 976, it was held that partial dependency is dependency under the Death Benefit provision, supra.

The evidence is sufficient to sustain the finding that claimants were dependents of Naomi Aaron.

Award sustained.

JOHNSON, C. J., and CORN, DAVISON, ARNOLD, BLACKBIRD and JACKSON, JJ., concur.

HALLEY, Justice (dissenting).

In my opinion the evidence fails to show dependency. In fact I think that it clearly negatives such a relation. Therefore I dissent.