**TOKLAN PRODUCTION COMPANY and United States Fidelity and Guaranty Company, Petitioners,**

**v.**

**Mrs. Frank TOOPS, individually and as guardian of the minor children of Frank Toops, deceased, and the State Industrial Commission, Respondents.**

**No. 37050.**

Supreme Court of Oklahoma.

July 2, 1956.

Rehearing Denied Sept. 25, 1956.

Sanders & McElroy, Tulsa, for petitioners.

Paul Pugh, Oklahoma City, Doyle Watson, Drumwright, and Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

Mrs. Frank Toops, individually and as guardian for her minor children, hereinafter referred to as claimant, recovered an award under the Death Benefit provisions of the Workmen's Compensation Law. 85 O.S.1951 § 1 et seq. This proceeding is brought by Toklan Production Company, employer, and its insurance carrier, United States Fidelity and Guaranty Company, hereinafter referred to as petitioners, to review the award.

Frank Toops, husband of Mrs. Frank Toops, hereinafter called deceased, died January 21, 1954, and the State Industrial Commission found that his death resulted from a beating administered by Loy Hall, lease foreman for the employer. The evidence discloses that deceased was a pumper living in one of the houses on a lease operated by the employer. On January 14, 1954, he was in the process of cleaning a tank on the lease when he was severely beaten by Loy Hall, the lease foreman. The incident occurred at approximately 4 p. m. on said date.

The evidence is in irreconcilable conflict. Claimant's ten year old son who saw the altercation testified that Loy Hall attacked deceased from behind and struck him seven or eight times. The encounter ceased and deceased went directly to the house where he lived and claimant testified deceased informed her that Hall had attacked him because of an old grudge over the disposition of some pipe.

Loy Hall testified that he arrived at the lease at approximately 4 p. m.; that on his way to the lease he found the ten year old son of deceased picking pecans on the place over which he had control for the surface owner; that he approached the deceased for the purpose of determining why the boy was picking pecans on the place and that the fight arose because of a discussion about the picking of the pecans. He stated that he saw the boy picking up pecans and that the boy had a water bucket approximately two-thirds full of pecans.

Although there are four propositions set out in the brief petitioners have presented two points in their argument which we shall discuss under the two headings. It is first argued that the death of deceased did not result from an accidental injury. The evidence discloses a situation from which the State Industrial Commission was authorized to believe that deceased who was a frail man was viciously attacked by Loy Hall, the foreman, a younger and much heavier man, and that the deceased made no resistance to this attack; that the beating was brutal and uncalled for.

█ A doctor testified that in his opinion deceased died from a coronary occlusion and that the coronary occlusion in his opinion, was caused by the attack made upon the deceased by the foreman Hall. Under the rule many times announced by this court this is competent evidence from which the State Industrial Commission was authorized to find that the attack caused the death. Okemah Publishing Co. v. Aaron, Okl., 285 P.2d 410; Douglas Aircraft Co. v. Snider, 196 Okl. 433, 165 P.2d 634; and City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094. In City of Kingfisher v. Jenkins, supra, it is stated:

"Where, in a proceeding before the Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proved by the testimony of skilled professional persons, and a finding of fact based thereon when reasonably supported will not be disturbed."

There is competent evidence reasonably tending to support the finding that the death of deceased was caused by the brutal attack made upon him by the lease foreman.

██ The final argument in the proposition submitted by petitioners is that the accidental injury did not arise out of and in the course of the employment. As stated in Oklahoma-Arkansas Telephone Co. v. Fries, 128 Okl. 295, 262 P. 1062, 1064:

"The State Industrial Commission, which was created with a view and for the purpose of determining primarily the questions arising in this case, has answered the question in the affirmative, and, if there is any competent evidence to support such finding, it must be sustained. * * *"

As suggested in Town of Granite v. Kidwell, Okl., 263 P.2d 184, no one knows positively what went on in the minds of the two men or what words were uttered. We know less in the case before us because one of the parties is unable to testify due to death. It was purely for the State Industrial Commission to determine whether the brutal beating occurred because a ten year old boy had a half bucket of pecans or whether it grew out of an old grudge arising from the employment.

The cases cited by petitioners are based primarily on the assumption that the fight was caused by a dispute over the pecans or that the fight at the most could have arisen over an old grudge and was instigated by deceased.

This is not the only probable situation shown by the testimony. Hall admitted disagreement between the deceased and himself over a fence and over a garnishment both of which arose out of and in the course of the employment. Hall likewise admitted that when he first heard that deceased had informed his wife that there was a dispute about the disposition of pipe that he commenced an investigation stating in his testimony that he probably should not have disclosed such investigation; that his investigation showed that he had never been accused of wrongfully disposing of any pipe.

█ Injuries arising from assaults by a fellow workman are compensable under the Workmen's Compensation Law when they are reasonably connected with incidents of the employment and can be said to arise out of and in the course of the employment. See annotations following

Stasmas v. State Industrial Commission, 80 Okl. 221, 195 P. 762, 15 A.L.R. at page 588, and the final annotation 112 A.L.R. at page 1272. See, also, Nelson Electric Mfg. Co. v. Cartwright, Okl., 277 P.2d 163, and Town of Granite v. Kidwell, supra.

We think from all of the facts and circumstances the evidence produced supports a finding by the State Industrial Commission that the injury arose out of and in the course of the employment.

The award of the State Industrial Commission is sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, BLACKBIRD, JACKSON and HUNT, JJ., concur.