### CROMWELL FRANKLIN OIL CO. et al. v. COX, et al.

No. 21652. Opinion Filed Feb. 17, 1931.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

J. Berry King, Atty. Gen., Robert D. Crowe, and John J. Carney, for respondents.

CLARK, V. C. J. This is an original action in this court by petitioners to review an award of the State Industrial Commission made and entered on the 4th day of August, 1930, in favor of J. R. Cox, respondent herein, wherein the Industrial Commission found that, on April 10, 1930, respondent was in the employment of petitioner and engaged in the performance of a hazardous occupation within and covered by the provisions of the Workmen's Compensation Law; second, that in the course of said employment respondent sustained an accidental personal injury which resulted in disability; third, that respondent's average daily wage was $4.50 per day; and made an award of $17.31 per week from the date of said injury and during the period of respondent's disability, less the five-day waiting period. It is this judgment and award of the Commission that petitioners seek to review.

The first contention of petitioners is as follows:

"There is no competent evidence to support the finding of the Commission that his disability was due to an accidental personal injury arising out of and in the course of his employment."

The record in this case discloses that respondent Cox was working for petitioner Cromwell Franklin Oil Company; that on April 10, 1930, while lifting a heavy block of concrete, respondent felt dizzy. He became sick and faint for a few minutes and thereafter had a hemorrhage and considerable blood came out of his mouth, which, it later developed, came from his lungs.

Respondent testified that he had been a farmer prior to working in the oil fields and did a great deal of hard work on the farm, and had been working in the oil field some time prior to the injury. A witness who worked in the same gang with respondent testified that, as compared with other men, Mr. Cox made a good hand; that during the time he did not know of his being sick or unable to work on that account. Five wit-

nesses, who knew Cox on the farm several years prior to this date, testified that he was a strong, able-bodied man and did heavy work on the farm, performing all kinds of farm labor. A statement of Dr. Philip McNeil was introduced in evidence by petitioners which stated that in his opinion the man had had chronic pulmonary tuberculosis for many years. He further stated the hemorrhage may or may not have been caused by exertion, but not from trauma alone.

Dr. J. C. Binkley, Oklahoma City, testified in substance as follows:

"My judgment was that if he had had tuberculosis, it had been arrested. It was not active at the time of the accident, because he had no temperature. He had no history of having had any night sweats and no cough and I could not find any enlarged gland and no rales on his right lung to indicate that he had injury in that side at all and so far as to the left side I couldn't state about it on account of the acute condition, and in my judgment he did not have active tuberculosis at that time."

The testimony further shows that claimant was disabled on the date of trial. Petitioners contend that the evidence was insufficient to support the finding of the State Industrial Commission that the injury and disability of respondent was the result of the accident or that respondent received any accidental injury, and cite the case of St. Louis Mining & Smelting Co. v. State Industrial Commission, 113 Okla. 179, 241 Pac. 170, wherein it is held that when, in an action for personal injury, the injury complained of is of such a character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proven by the testimony of skilled professional persons.

That case is distinguished from the case at bar in this: In the St. Louis Mining Company Case, claimant claimed his disability came on by reason of breathing poison gases in the mine. He became dizzy from the effects of gas, and with a fellow workman moved to another drift and continued their labor for the day, and the only medical testimony offered in the case was to the effect that the exposure to gas under such circumstances would not produce the result had in the ailment under consideration, but that it would only have been temporary and transitory in its nature. In the case at bar the respondent was lifting a heavy block of concrete, felt the strain, felt the injury, became sick and dizzy and saw the blood from the broken blood vessel. He knew that his blood circulated through his body in arteries and veins, and when the blood came out of his mouth he knew that something had broken. He could testify to these facts for the reason they came within his own knowledge. He was not required to be an expert when the effects of the strain were felt by him, and the immediate result of the accident was known to him. Dr. Binkley testified that if he had tuberculosis, it had been arrested and was not active at this time.

From these facts, the Industrial Commission should draw its conclusion and make its award, and in so doing, if the same is supported by competent evidence, it will not be disturbed by this court on review. However, if it be admitted that respondent had an arrested case of tuberculosis and the injury accelerated or aggravated the same, then, in that event, it would be an accidental injury compensable under the Compensation Law of Oklahoma so long as the disability was the result of the injury.

Judgment and award of the Industrial Commission is affirmed.

LESTER, C. J., and HEFNER, CULLISON, McNEILL, and KORNEGAY, JJ., concur. SWINDALL, J., concurs in conclusion. RILEY, J., dissents.

Note.—See under (2) 28 R. C. L. p. 828; R. C. L. Perm. Supp. p. 6254; R .C. L. Continuing Perm. Supp. 1211.