RICHARDS and CROW, JJ., the latter of the Third Appellate District, concur.

INDUSTRIAL COMMISSION OF OHIO *v.* AULER.

(Decided December 17, 1934.)

*Mr. Frank E. Calkins,* for plaintiff in error.
*Mr. Cecil Stickney,* for defendant in error.

LLOYD, J. Joe Auler, on appeal from an adverse finding of the Industrial Commission, commenced an action in the Court of Common Pleas, where a trial

being had he was found by a verdict of a jury to be entitled to participate in the State Insurance Fund. Judgment was entered upon this finding, and the Industrial Commission prosecutes error to this court to obtain a reversal of this judgment and an entry by this court of a final judgment in its favor.

In his amended petition, upon which the action was tried, Auler alleges that on February 23, 1931, at about 9 o'clock, a. m., he was working for the H. K. Ferguson Company at the Libbey Glass plant on Buckeye street in Toledo, where a building of said plant was being remodeled; that at said time he was carrying angle irons from one portion of said building to another, in the regular course of his employment; that while so engaged he suddenly became dizzy, his eyes became crossed and paralyzed, and he became blind in both eyes and fell to the ground, and that the vision in his right eye is practically destroyed. On the trial Auler testified that he was a carpenter by trade and at the time in question was working as a carpenter's tender for the H. K. Ferguson Company at the plant of the "Libbey Glass works" carrying "angle irons", and that he had been engaged in that same kind of work for a period of about two months. He further says:

"I picked up one 5-foot long and was walking around the mess house and that pile of rubbish there, and tripped and fell. I got up and went to work and worked for about half an hour and me and my partner picked up an angle iron about 20-feet long and carried it over, and just as I released it off my shoulder, my sight left me. My eyes crossed, both went clear into my nose."

He also testified that dizziness caused him to fall the first time, and also the second time, and that he had theretofore had no trouble with his eyes, and that his general health prior to this happening had been

good. According to him, the angle iron he and his partner were carrying weighed about 150 pounds. In June, 1931, he returned to the Ferguson Company, doing light work. He continued in this employment for about two weeks, when he was discharged.

A testifying optometrist who treated Auler up to May 27, 1931, expressed the opinion that his condition could have been caused by a strain, by an accident, a blow at the side of the head, or by paralysis. With glasses he was able to restore normal vision to Auler's eyes, but could not say that it would be permanent. Dr. Pyle testified that on February 23d and for several months thereafter he treated Auler for hemorrhage of the retina, and stated that the cause of his condition was a vascular defect, — that is anything that would give rise to apoplexy or hemorrhage, as for example "thickening of the blood vessels and impairment by disease or anything that could thin the walls of the vessels." The bursting of the blood vessel in the retina might be due, he said, to a weakening of the particular blood vessel, and "Then any strain you might put on it, any elevation of the blood pressure will cause the vessel to break just like you have in apoplexy where the blood vessels of the brain burst."

Dr. Pyle was asked and answered these questions:

"Q. We get hemorrhages or bursted blood vessels without any unusual strain, do we not? A. If you have a high blood pressure occasioned by any cause, strain of any kind might cause the blood vessel to burst.

"Q. The doing of hard work by a working man would be sufficient, I suppose, to elevate the blood pressure and that in turn might cause the blood vessel to rupture? A. Just the same as you would have in apoplexy when the brain is affected; you have only to

transfer the same program to the eye and you have the same condition.

"Q. In other words, a person accustomed to doing hard work day after day may suffer a rupture of the blood vessel, if the blood vessel is weak? A. Yes.

"Q. And that probably is what happened to Mr. Auler? A. Yes."

No one would suggest that Auler's loss of sight was within the statutory enumerated compensable diseases, nor would it seem that his condition was the result of a physical injury accidental in origin and cause. It is not claimed that he received any physical injury by striking or being struck by any angle iron, or by any other object, or that anything unusual occurred except that he tripped and fell as a result of dizziness a half hour before his vision failed. He was engaged in his usual employment, doing his work in the usual way. If it be said that the repeated lifting and carrying of angle irons was such work as induced Auler's affliction, then in the words of the Supreme Court in *Industrial Commission* v. *Franken,* 126 Ohio St., 299, 185 N. E., 199:

"Impairment of physical condition accruing from constant and continued labor, no matter how heavy or arduous it may be, is not covered by the Workmen's Compensation Law. Such impairment does not come within the meaning of the term 'injury'."

This court, on principle, is unable to distinguish the instant case from that of *Industrial· Commission* v. *Borchert, ante,* 5. Following the principles announced therein, and in the Supreme Court opinions therein cited, we conclude that the Court of Common Pleas erred in refusing to direct a verdict in favor of the Industrial Commission on its motion therefor.

The judgment of the Court of Common Pleas is

therefore reversed and final judgment entered in favor of plaintiff in error.

*Judgment reversed and final judgment for plaintiff in error.*

OVERMYER, J., concurs.
RICHARDS, J., not participating.