SPECIAL INDEMNITY FUND et al.
v. McFEE et al.

Nos. 32803, 32806. May 4, 1948.

*193 P. 2d 301.*

The State Industrial Commission made the Special Indemnity Fund a party to the proceeding and found that due to an accidental injury to his right eye in childhood, respondent was a previously impaired person within the meaning and definition of 85 O.S. 1943 Supp §171 et seq., and an award was entered against the Wilcox Oil & Gas Company for the loss of the left eye, and an award was entered against the Special Indemnity Fund for a total permanent disability by reason of loss of both eyes less the amount to be paid by reason of the latter injury.

Wilcox Oil & Gas Company began a separate proceeding to review the award and docketed the same as No. 32806 in this court, and Special Indemnity Fund commenced its proceeding to review the award against it and docketed the same as No. 32803 in this court.

Both Wilcox Oil & Gas Company and Special Indemnity Fund first argue that there was no accidental injury within the meaning and definition of 85 O. S. 1941 §1 et seq.

Respondent was employed by Wilcox Oil & Gas Company on a well being drilled by it during the month of December, 1944. He could not definitely state the date on which he claimed to have been injured, but testified that it was early in December, and a physician placed the time somewhere between the 4th and 8th of that month. Respondent testified that while employed as a tool dresser on the well it became necessary for him to lift the walking beam into position, a lift of some 100 pounds, and that on this occasion when he lifted the beam a dark spot developed in his left eye, which almost blinded his eye; that he advised his foreman and the foreman told him that he thought it would clear up; that it did not clear up, and he went to his doctor and then to an eye specialist for treatment. It is not disputed that at the time of the various hearings before the commission he was industrially blind in both eyes.

Mont R. Powell and Don Anderson, both of Oklahoma City, for petitioner Special Indemnity Fund.

A. M. Covington, of Tulsa, for petitioners Wilcox Oil & Gas Company and Massachusetts Bonding & Insurance Company.

P. D. Lindsey, of Hominy, and Mac Q. Williamson, Atty. Gen., for respondents.

LUTTRELL, J. On June 25, 1945, Leonard M. McFee, hereinafter called respondent, filed his first notice of injury and claim for compensation, stating that while employed as a tool dresser with the Wilcox Oil & Gas Company he sustained an accidental injury in December, 1944, while lifting a heavy beam in connection with the drilling of an oil and gas well. He stated that the strain caused by the lifting of the beam caused a hemorrhage of his left eye.

The eye specialist employed by respondent testified that respondent had a tubercular condition in his left eye which weakened the walls of the blood vessels in the eye, and that the strain of lifting the beam increased respondent's blood pressure, and the increased blood pressure, together with the tubercular condition of his eye, caused a blood vessel therein to rupture. Both this physician and physicians produced by petitioner testified that a tubercular condition of the eyes would frequently result in a rupture of blood vessels therein from very slight exertion, or from no exertion at all. But the testimony of respondent's physician was that had it not been for the strain of lifting the beam, it was possible that respondent might have continued indefinitely in the condition he was prior to the injury, and then when or from what exertion he might have sustained a rupture of the blood vessels in his eyes, and a resulting hemorrhage, could not be determined. He definitely stated that the injury to respondent's eye was due to the lifting of the beam. Prior to the time of the injury respondent had had no trouble with his left eye, and did not know of the existing tubercular condition.

Petitioners contend that the strain of lifting the walking beam was not an unusual or extraordinary strain, but was an ordinary occurrence in connection with respondent's work, and that therefore respondent did not sustain an accidental injury as that term is defined in Carden Mining & Milling Co. v. Yost, 193 Okla. 423, 144 P. 2d 969, and other decisions by this court. They contend that the facts in this case are similar to the factual situations in Oklahoma Leader Co. v. Wells, 147 Okla. 294, 296 P. 751, and National Biscuit Co. v. Lout, 179 Okla. 259, 65 P. 2d 497. In those cases the claimed injury was brought about by the mere act of stooping over, and we held that there was no strain involved, but in National Biscuit Co. v. Lout, supra, we said:

". . . 'The term "accident", as employed in the Compensation Acts, is broad enough to include an injury from muscular strain or physical overexertion, such as hernia, or rupture, or bursting of blood vessels. This is true, although the physical condition of the employee is such as to predispose him to the injury. But it has been held there must be a definite particular occurrence to which the injury can be attributed' ".

In the instant case the evidence sufficiently shows a strain which, according to the testimony of respondent's physician, directly led to the hemorrhage in his eye, which resulted in blindness. The strain of lifting one beam, while one frequently undertaken by respondent, was not what could be termed an ordinary occurrence, as was the stooping over in the cases above cited. We have frequently held that an injury occasioned by a strain which caused a dormant or latent condition to light up was an accidental injury within the Workmen's Compensation Act. Carden Mining & Milling Co. v. Yost, supra; Cromwell Franklin Oil Co. v. Cox, 147 Okla. 226, 296 P. 446; Oklahoma Natural Gas Co. v. White, 187 Okla. 627, 105 P. 2d 225; Eagle-Picher Mining & Smelting Co. v. Loyd, 192 Okla. 554, 138 P. 2d 536; Andrews Mining & Milling Co. v. Atkinson, 192 Okla. 322, 135 P. 2d 960.

In Oklahoma Leader Co. v. Wells, supra, we said:

"Nor is it a defense that the workman had some predisposing physical weakness, but for which he would not have broken down. If the employment was the cause of the collapse, in the sense that but for the work he was doing it would not have occurred when it did, the injury arises out of the employment."

Petitioners cite Industrial Commission of Ohio v. Auler (Ohio) 194 N. E. 887, in support of the contention that respondent suffered no accidental injury, but the holding in that case appears to be in conflict with the decisions of this court in the cases above cited.

Petitioners also point out that the evidence showed that respondent partially recovered from the hemorrhage sustained by him, and later suffered from other hemorrhages, one in February of 1945, and the other in April of 1945, which resulted in the present condition of his left eye. But respondent's physician testified that in all probability the later hemorrhages were due to the initial rupture of the blood vessel in his eye, since once there had been a rupture of a blood vessel there would be a weak spot from which the later hemorrhages would result.

Careful study of the record convinces us that there was sufficient competent evidence of accidental injury and industrial blindness in the left eye resulting therefrom to sustain the award of the commission.

Petitioner Wilcox Company contends that the evidence fails to support the finding of the commission that it had actual notice of respondent's injury and was not prejudiced by respondent's failure to give written notice as required by 85 O.S. 1941 §24. Examination of the record discloses that respondent testified to the giving of actual notice to his foreman at the time he sustained the injury, and we find nothing in the record tending to establish any prejudice to the employer by reason of the failure to give the written notice required by statute.

In Wolfe v. Carlisle, 182 Okla. 463, 78 P. 2d 298, and numerous other cases, we have held that whether an employer has been prejudiced by the failure of an employee to give notice of an injury as required by said section is a question of fact to be determined by the Industrial Commission, and that a finding of the commission that the employer was not prejudiced when sustained by any competent evidence would be affirmed by this court.

In Maryland Casualty Co. v. Osborn, 166 Okla. 235, 26 P. 2d 934, and in Protho v. Nette, 173 Okla. 114, 46 P. 2d 942, we held that where the employee failed to give written notice, but offered competent evidence of the giving of actual notice, the burden was then upon the employer to prove prejudice because of the failure to give the written notice.

Respondent having testified to the giving of actual notice, and the employer having produced no evidence showing that it was prejudiced by failure to give written notice, the finding of the commission is supported by competent evidence.

Award sustained.

HURST, C.J., DAVISON, V.C.J., and RILEY and CORN, JJ., concur. WELCH and ARNOLD, JJ., dissent.

GIBSON, J., dissents for the reason that in his opinion the evidence does not sustain the finding that there was an "accident" within the purview of the Workmen's Compensation Law and the decisions of this court relating thereto.