SOUTHWESTERN STAMP WORKS et al. v. SANDERS et al.

No. 35117. Feb. 12, 1952.

*240 P. 2d 1081.*

Mont R. Powell, William R. Saied, and Sam Hill, Oklahoma City, for petitioners.

Howard C. Triggs, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by Southwestern Stamp Works and its insurance carrier,

State Insurance Fund, to review an award made by the State Industrial Commission in favor of Edgar Sanders.

The evidence introduced on behalf of claimant was substantially that on December 28, 1950, claimant and his foreman were weighing steel bundles. While in the process of reaching down and placing one of the bundles on the scales he felt a sharp pain in his back. These steel bundles weigh between 350 and 400 pounds. The day after the accident he was placed in the hospital where he remained for two weeks. He was treated with heat and novocain and upon release from the hospital returned to the office of a doctor for treatment. The doctor recommended an operation after two more weeks of treatment. Claimant was examined by a second doctor who caused X-rays to be made, and on or about January 30, 1951, was examined by a third doctor, and later by two other doctors.

One of the doctors testified that he examined claimant on January 30, 1951, and caused X-rays to be made; that claimant gave him a history of lifting steel strips and resulting pain in his back; that he continued to try to work, but the pain became so severe that he was unable to do so. This doctor detailed the manner of treatment by the first doctor as outlined by claimant in his testimony and stated the history showed claimant was unable to return to work after his hospitalization and treatment. This doctor found a ruptured intervertebral disc in the fourth and fifth interspace. The doctor described a congenital condition indicative in some instances of a predisposition to such an injury. He stated as his conclusion that claimant has a permanent partial disability of 60 per cent to the body as a whole, and that in his opinion this disability is due to the accidental injury of December 28, 1950.

Based upon this testimony the State Industrial Commission entered an award in favor of claimant for 50 per cent permanent partial disability to the body as a whole.

The first issue presented is whether from all the facts and circumstances there was an accidental injury arising out of and in the course of the employment. The petitioners contend that since there was no blow, no fall or slipping, and no unusual strain, the so-called injury could not have arisen out of and in the course of the employment. Petitioners cite and rely upon the language in, and comment on the fact situations in the following cases of somewhat analogous nature: National Biscuit Co. v. Lout, 179 Okla. 259, 65 P. 2d 497; Turner v. Ford, 183 Okla. 567, 83 P. 2d 844; Oklahoma Leader Co. v. Wells, 147 Okla. 294, 296 P. 751; and other cases, mostly from other states.

We have analyzed these cases and find that they are distinguishable from the present case. In National Biscuit Co. v. Lout, supra, the employee was in the act of stooping to pick up a sack when he received his injury. In Oklahoma Leader Co. v. Wells, supra, the employee was stricken while leaning over to pick up a pair of pliers. In Turner v. Ford, supra, the employee was pushing a wheelbarrow up an incline when he became temporarily disabled. A reading of this latter case further discloses that there was no competent evidence showing that the alleged accidental injury caused the resulting disability. In each of these cases it was held that the injury of the employee did not arise out of and in the course of his employment.

This court on several different occasions has held that a disability resulting from strain is compensable. Junior & Sooner Oil & Gas Co. v. Pfalzgraf, 164 Okla. 59, 22 P. 2d 911; Beck Mining Co. v. State Industrial Commission, 88 Okla. 34, 211 P. 69, 28 A. L. R. 197; Evans-Wallower Lead Co. v. Dry, 178 Okla. 48, 61 P. 2d 561; Indian Territory Illuminating Oil Co. v. Pound, 156 Okla. 101, 9 P. 2d 417; Eagle-Picher Mining & Smelting Co. v. Linthicum, 168 Okla. 631, 35 P. 2d 450; Berger v. Reynolds, 139 Okla. 163, 282 P. 143; Terminal Oil Mill Co. v. Younger, 188 Okla. 316, 108 P. 2d 542; Knotts Bakery

v. Freudenthaler, 188 Okla. 321, 108 P. 2d 540; Gulf Oil Corp. v. Rouse, 202 Okla. 395, 214 P. 2d 251; Shell Oil Co., Inc., v. Thomas, 202 Okla. 190, 211 P. 2d 263.

We are of the opinion and hold that the evidence supported the finding of the State Industrial Commission that there was an accidental injury caused by the handling of the bundles of steel.

The second and final issue is that the State Industrial Commission erred as a matter of law in finding that there was a permanent partial disability of 50 per cent due to the accidental injury. This argument is based upon the testimony of the first doctor who stated that in giving his history of the case claimant related that he had suffered a prior back injury several years before the date of the injury in question' while employed by a company in California. This doctor, testifying for the employer, stated that he was unable to give his opinion as to what degree of disability was caused by the back condition suffered in California, and the condition resulting from the accidental injury of December 28, 1950. The other doctor was questioned fully about the condition referred to in the history taken by the first doctor. He stated that the fact that claimant went back to work indicated that the disability was caused by the latter injury. Claimant testified that after his back hurt him during his work in California he went back to work and worked for one and one-half years at the same type of work. He then continued to work without difficulty until the last injury with no loss of time by reason of any disability. Claimant did not receive any payment for or attempt to establish any claim against any former employer by reason of this prior condition. In Special Indemnity Fund v. McFee, 200 Okla. 288, 193 P. 2d 301, it is stated:

" . . . We have frequently held that an injury occasioned by a strain which caused a dormant or latent condition to light up was an accidental injury within the Workmen's Compensation Act. Carden Mining & Milling Co. v.

Yost, supra; Cromwell Franklin Oil Co. v. Cox, 147 Okla. 226, 296 P. 446; Oklahoma Natural Gas Co. v. White, 187 Okla. 627, 105 P. 2d 225; Eagle-Picher Mining & Smelting Co. v. Lloyd, 192 Okla. 554, 138 P. 2d 536; Andrews Mining & Milling Co. v. Atkinson, 192 Okla. 322, 135 P. 2d 960."

The extent of a disability is a question of fact for the State Industrial Commission. There is evidence reasonably tending to support the finding by the State Industrial Commission that there was permanent partial disability of 50 per cent due to the injury of December 28, 1950.

Award sustained.

HALLEY, V. C. J., and WELCH, CORN, DAVISON, JOHNSON, and O'NEAL, JJ., concur.