## GLENCLIFF DAIRY PRODUCTS CO. et al.
### v. ROWTON et al.
#### No. 35782.

Supreme Court of Oklahoma.

May 5, 1953.

Rehearing Denied Sept. 29, 1953.

Covington & Donovan, Tulsa, for petitioners.

J. W. Hastain, Tulsa, Mac. Q. Williamson, Atty. Gen., for respondents.

CORN, Justice.

On the 13th day of January, 1951, Robert Rowton, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that he sustained an accidental injury arising out of and in the course of his employment on December 10, 1950, when he slipped and fell on a wet floor. This claim was amended during the proceeding to change the date of the injury to December 27, 1950. An award was made for temporary and permanent disability. The petitioners brought a proceeding to review the award and the award was vacated for failure to excuse the giving of the statutory written notice provided by 85 O.S.1951 § 24. Glencliff Dairy Products Co. v. Rowton, 206 Okl. 611, 245 P.2d 713.

Thereafter on October 2, 1952, further proceedings were commenced and an award was entered for temporary and permanent disability occasioned by the injury. This proceeding is brought to review the award.

Petitioners first argue that there is no competent evidence tending to support the finding that claimant has any disability due to the accidental injury of December 27, 1950. It was the theory of petitioners that any disability sustained by claimant is the result of either disease or other injuries prior to that of December 27, 1950.

Claimant testified that he was greasing the milk bottling machine and he reached back for the grease can and fell to the floor and was pinned against the conveyer belt of the machinery. He was sent to Dr. Stuart and thereafter on March 12, 1951, an operation was performed on his back. Claimant had sustained a former injury in 1948 and Dr. Stuart had treated him at that time. The testimony of Dr. Capehart is that despite the former injury or any disability

resulting therefrom the accidental injury of December 27, 1950, aggravated claimant's condition.

■ Under the rule applied by this Court in Standard Roofing and Material Co. v. Mosley, 176 Okl. 517, 56 P.2d 847; Special Indemnity Fund v. McFee, 200 Okl. 288, 193 P.2d 301; Carden Mining & Milling Co. v. Yost, 193 Okl. 423, 144 P.2d 969; Oklahoma Nat. Gas Co. v. White, 187 Okl. 627, 105 P.2d 225, and Southwestern Stamp Works v. Sanders, 206 Okl. 41, 240 P.2d 1081, there is competent evidence reasonably tending to support the finding of the State Industrial Commission. In Special Indemnity Fund v. McFee, supra, [200 Okl. 288, 193 P.2d 304], it is stated:

"* * * We have frequently held that an injury occasioned by a strain which caused a dormant or latent condition to light up was an accidental injury within the Workmen's Compensation Act. * * *"

■ It is next argued that there is no ground for excusing the giving of the statutory written notice required by 85 O.S.1951 § 24. Claimant testified that he notified the shop foreman. The evidence sustains his statement that after the injury he was sent to Dr. Stuart. Thereafter the operation was performed as above stated. The correct rule is announced in Gulf Oil Corporation v. Rouse, 202 Okl. 395, 214 P.2d 251, 252. Therein we stated:

"Under the provisions of 85 O.S.1941 § 24, the State Industrial Commission is authorized to excuse the giving of the statutory notice either on the ground that for some reason the injured employee was not able to give the same or that the insurance carrier, or the employer, as the case may be, has not been prejudiced thereby."

See, also, in this connection Fischer-Kimsey Co. v. King, 196 Okl. 92, 162 P.2d 519. The State Industrial Commission did not err in excusing the giving of the statutory written notice.

■ Finally it is argued that the State Industrial Commission erred in allowing medical expenses. We find no serious merit in the contention of petitioners in this respect. It has been the consistent position of petitioners since the commencement of the orginal proceeding that claimant is not entitled to any award by reason of an accidental injury on December 27, 1950; that all of his injuries were occasioned at earlier times and that any disability he has is either the result of such injuries or of disease. This question has been resolved in favor of claimant and in its determination the right to the medical expenses was also established. 85 O.S.1951 § 14 provides in substances that if the employer fails or neglects to provide the medical attention within a reasonable time after knowledge of the injury the injured employee during the period of such neglect or failure may do so at the expense of the employer. There was no error in allowing the medical expenses in the case under consideration.

Award sustained.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, WILLIAMS and BLACKBIRD, JJ., concur.