Melvin Eugene FORD, Petitioner,

v.

SPAETH ENGINEERING COMPANY, U. S.
Fidelity and Guaranty Company and the
State Industrial Court, Respondents.

No. 40898.

Supreme Court of Oklahoma.

Jan. 26, 1965.

Marx Childers, Oklahoma City, for petitioner.

Harry R. Palmer, Jr., Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

IRWIN, Justice:

On December 2, 1963, Melvin Eugene Ford, claimant, filed a claim for compensation with the State Industrial Court, alleging that on August 12, 1963, he sustained an accidental injury to his knee arising out of and in the course of his hazardous employ-

ment. Respondents filed their answer denying liability and one of the grounds alleged was that "claimant did not give proper notice of his alleged injury within a reasonable time and, therefore, their rights have been prejudiced".

When the cause came on for hearing before a trial judge, the claim was amended by claimant to show the date of the alleged injury was "on or about August 9th rather than on August 12, 1963."

In this original proceeding the claimant challenges the order of February 5, 1964, wherein the trial judge denied an award by the following order:

"The claimant failed and neglected to give the thirty day statutory written notice, as required by law, of his alleged injury in August, 1963, to his right knee, and that such failure prejudiced the rights of respondent and insurance carrier; and therefore, claimant's claim for compensation herein should be denied."

In the trial tribunal it stood undisputed that there was no written notice and the sole issue relating to notice was the factum of timely actual notice. Without detailing the evidence in this regard, claimant's evidence tends to establish that he gave timely actual notice of the alleged accidental injury to the employer by notifying the employer's foreman the day after the alleged accidental injury; whereas, employer's evidence tends to establish that timely actual notice was not given.

Also, the employer offered no positive proof concerning prejudice for failure to give the statutory written notice as its evidence was confined to a denial of receiving timely actual notice.

In Nunnery v. Beatrice Foods Company, Okl., 340 P.2d 236, we recognized that Rule 18 of the State Industrial Court provides that the failure to give written notice *will* be excused if actual notice is given within 30 days in the absence of positive proof of prejudice by the employer. We said that the trial tribunal has bound itself to excuse failure to give statutory written notice when actual notice is given and the employer does not offer positive proof of prejudice. In the Nunnery case we held:

"Where claimant fails to give written notice of his injury as provided by 85 O.S.1957 Supp. Sec. 24, but offers competent evidence that actual notice was given within 30 days after the accidental injury, and the Commission enters an order denying compensation because of failure to give written notice, the order, in view of Rule 18 of the Commission, will be vacated on review in the absence of a further finding that the employer or its carrier was prejudiced thereby, or that adequate actual notice was not given."

In Shell Oil Co. v. Thomas, 202 Okl. 190, 211 P.2d 263, we said:

" * * * in Maryland Casualty Co. v. Osborn, 166 Okl. 235, 26 P.2d 934; Special Indemnity Fund v. McFee, 200 Okl. 288, 193 P.2d 301; Nuway Laundry Co. v. Trice, 182 Okl. 518, 78 P.2d 706, and in numerous other cases cited in 85 O.S.A. § 24, note 15, we have held that where the claimant's evidence was sufficient to establish actual notice the burden was upon the employer to show that the failure to give written notice had been prejudicial."

As heretofore stated, the evidence concerning whether or not claimant gave timely actual notice to his employer of his alleged accidental injury is in conflict. Had the trial tribunal resolved this issue in favor of the employer, and made a finding to that effect, such finding would rest on competent evidence and it would not have been incumbent upon the employer to offer positive proof of prejudice for want of statutory written notice. However, had the trial tribunal resolved this issue in favor of claimant, and made a finding to that effect, it would have been incumbent upon the employer to offer positive proof of prejudice for want of statutory written notice and the trial tribunal to so find.

We do not hold that the State Industrial Court is required to make a specific

finding as to actual notice in every proceeding in which such issue is formed; we do hold, however, that when such issue is raised by competent evidence adduced by claimant, and the employer, although denying the factum of actual notice and submitting competent evidence to that effect, fails to offer positive proof of prejudice due to want of statutory written notice, a finding negating the factum of actual notice is necessary to sustain an order denying an award for want of the statutory written notice. In other words, where a claimant has failed to give the statutory written notice and adduces competent evidence of timely actual notice, if the employer offers positive proof of prejudice for want of statutory written notice, a finding by the trial tribunal that claimant failed to give the statutory written notice and employer has been prejudiced thereby, would be sufficient to support an order denying an award.

We can not ascertain from the language in the order as made whether the trial tribunal intended to deny an award because it determined that claimant did not give actual notice; or, because under the facts, prejudice did result to the employer for want of statutory written notice, although actual notice may in fact have been given.

In the instant action, the issue as to whether claimant did or did not give timely actual notice to his employer was in conflict and on this decisive issue no finding was made. Since the trial tribunal made no finding that the claimant failed to give timely actual notice, in view of the fact that employer offered no positive proof that it was prejudiced for want of written notice, the findings are not responsive to the issues formed, and the order denying an award because of failure to give statutory written notice must be vacated.

The order denying an award is vacated.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS and BLACKBIRD, JJ., concur.

JOHNSON and BERRY, JJ., dissent.