QUALITY MATERIALS COMPANY and United States Fidelity and Guaranty Company, Petitioners,

v.

Roy PAYNE and the State Industrial Court of the State of Oklahoma, Respondents.

No. 41246.

Supreme Court of Oklahoma.

June 29, 1965.

Harry R. Palmer, Jr., Oklahoma City, for petitioners.

Rinehart & Morrison, Oklahoma City, Frank Seay, Seminole, Charles R. Nesbitt, Atty. Gen., for respondents.

HODGES, Justice.

This is an original proceeding by Quality Materials Company, employer, and its insurance carrier, United States Fidelity and Guaranty Company, hereinafter referred to as petitioners, to review an award of the State Industrial Court to Roy Payne, claimant.

Claimant filed his claim for compensation alleging that on July 3, 1963, he sustained an accidental injury to his back arising out of and in the course of his employment with the above employer. Petitioners, respondents below, admitted that on said date claimant did sustain an accidental injury, but that it was to his left groin. They denied that claimant had injured his back as alleged and also contended their rights had been prejudiced by the failure of the claimant to give written notice of the alleged back injury.

A trial judge of the lower court entered an order, finding among other things, that claimant had sustained an accidental personal injury arising out of and in the course of his employment with employer, on July 3, 1963, "consisting of an aggravation of a pre-existing condition in his lower back and injury to his left groin;" that as a result of said injury "claimant was temporarily totally disabled from July 15, 1963, to May 1, 1964," when the temporary total disability ended; that "respondent and/or insurance carrier should pay the reasonable and necessary medical expenses incurred" by claimant as a result of the injury, and that claimant's failure to give statutory written notice" should be excused for the reason that respondent had actual notice of said injury, and the material rights of respondent and/or insurance carrier were not prejudiced by such failure. The judge held in abeyance a determination of permanent disability, if any.

The order was appealed to the court en banc by petitioners where it was affirmed.

For vacation of the award petitioners advance the following five propositions.

"1. There was no competent evidence to support the finding that the respondent and/or insurance carrier did not suffer material prejudice in claimant's failure to file written notice of injury as required by Title 85 O.S. Section 24 as amended."

"2. The claimant's failure to give written notice and to return to the doctor picked by respondent prejudiced respondent in determining the nature and extent of injury and minimizing disability which is the purpose of the written notice provision of the Workmen's Compensation Act."

"3. The respondent and insurance carrier are not liable for medical bills incurred by the claimant in the absence of the refusal to provide medical care or in the event of an emergency, neither of which conditions existed in the case at bar."

"4. The Industrial Court had no evidence before it on which to base the order of payment of medical incurred by the claimant, and thus their finding is invalid."

"5. There was no competent evidence before the Industrial Court to establish temporary total compensation."

Petitioners' proposition one and two will be discussed together, since petitioners combined them in their brief for argument, and also because the two overlap and relate to one issue.

Rule 18 of the State Industrial Court provides, in part, as follows:

"The written notice of injury required by 85 O.S.A. 24 to be given the Court and the employer need not be in any particular form. * * * *Failure to*

*give such notice to the employer will be excused in the absence of positive proof of prejudice by the employer or its insurance carrier when actual notice was given within thirty (30) days after the accidental injury.* (emphasis ours)

In the case of Ford v. Spaeth Engineering Co., Okl., 398 P.2d 797, is the following language:

"Also, the employer offered no positive proof concerning prejudice for failure to give the statutory written notice as its evidence was confined to a denial of receiving timely actual notice.

"In Nunnery v. Beatrice Foods Company, Okl., 340 P.2d 236, we recognized that Rule 18 of the State Industrial Court provides that the failure to give written notice *will* be excused if actual notice is given within 30 days in the absence of positive proof of prejudice by the employer. We said that the trial tribunal has bound itself to excuse failure to give statutory written notice when actual notice is given and the employer does not offer positive proof of prejudice. * * *"

In Shell Oil Company v. Thomas, 202 Okl. 190, 211 P.2d 263, we said:

"* * * in Maryland Casualty Co. v. Osborn, 166 Okl. 235, 26 P.2d 934; Special Indemnity Fund v. McFee, Okl. Sup., 193 P.2d 301; Nuway Laundry Co. v. Trice, 182 Okl. 518, 78 P.2d 706, and in numerous other cases cited in 85 O.S.A. § 24, note 15, we have held that where the claimant's evidence was sufficient to establish actual notice the burden was upon the employer to show that the failure to give written notice had been prejudicial."

Claimant testified that on July 3, 1963, at about 9:30 A.M., he was attempting to dislodge rock which had clogged a "shoot" at employer's rock crushing plant when he struck his left groin against the corner of a rock conveyor. This caused him to fall backwards against another conveyor, injuring his low back. He testified that at noon he told Jess Golden, who owned half interest in the rock crushing plant, that he had had the accident and that he was hurting in his groin and low back; that Golden sent him to Dr. W the following day. Claimant testified further that within four or five days after the accident, he and Golden were having lunch together and he told Golden that he was "stiff and sore and couldn't hardly get around, through my back and groin" and that Golden then told Claimant that he, too, had back trouble one time and that after trying a number of doctors he finally went to a chiropractor who "straightened him out," but that Golden did not send him to another doctor.

Jessie Golden testified for petitioners. He stated claimant reported the accident to him on the day it happened and said he had hurt his groin; that he sent claimant to Dr. W; that he did not know that claimant was claiming any injury to his back until some three months later.

■■ The evidence is not in conflict as to employer having actual notice of the accident well within 30 days after it happened. It is in conflict as to employer having actual notice of the back injury. The trial tribunal resolved this issue in favor of the claimant. There is competent evidence to support that finding and we have held, too often to require citation of authorities, that this Court will not review conflicting evidence on nonjurisdictional questions to determine the weight and value thereof if the Industrial Court's determination is supported by competent evidence.

■ Therefore, since the lower court found that claimant gave timely actual notice to his employer, it was incumbent upon the employer to offer positive proof of prejudice for want of statutory written notice. Ford v. Spaeth Engineering Co., supra. This it did not do.

■ Petitioners also failed to offer any proof that claimant's going to Dr. M for surgery instead of returning to Dr. W, the doctor employer sent claimant to, preju-

diced them in any way. There is no evidence that Dr. M did not perform the operation satisfactorily; there is no evidence that a doctor selected by employer could have done better; there is no evidence that the doctor's bill and medical expenses are not reasonable; there is no evidence that the claimant's disability could have been minimized had he returned to Dr. W. There is no evidence that the material rights of petitioners have been prejudiced by claimant's failure to give written notice or to return to the doctor picked by employer. There is competent evidence to support the trial court's finding that "respondent and/or insurance carrier" suffered no prejudice to their material rights.

 In petitioners' third proposition, they contend they are not liable for medical expenses incurred by claimant "on his own" because they did not refuse to provide him medical care, and there was no emergency to require claimant to go to a doctor of his choice; that these are the only two conditions whereby an injured workman is permitted to select his own doctor. As authority for this argument petitioners cite Mattingly v. State Industrial Court, Okl., 382 P.2d 125, which lays down the rule that under 85 O.S.1961, § 14, if the employer fails or neglects to promptly provide medical attention to an injured employee, with knowledge that the same is needed, or if the employer is not furnishing adequate and satisfactory care, the workman may, during that period, procure the necessary services at the expense of the employer, and Sapulpa Tank Co. v. Cole, Okl. 386 P.2d 988, where we held that the right to select a physician to treat an injured employee is one available to the employer, but where the employer reasonably implies that claimant may select his own physician, the employer may be liable if the medical treatment is necessary and the charges therefor reasonable.

We agree with petitioners as to the above rules of law and feel they are applicable to the case at bar.

The employer sent claimant to Dr. W the next day after the accident. Dr. W testified for respondent by written report dated December 24, 1963; that he saw claimant "on July 2, 1963;" that claimant told him that he had "slipped and struck his left groin on the end of a conveyor belt." That the patient, when first seen, had complaints referrable only to the left groin and to the proximal end of the left thigh. * * The patient had no complaints with reference to his pelvis, hips, or back; * * *" that he gave claimant analgesics, a prescription for muscle relaxants, and a Flexofoam binder with a pressure pad over the left groin; that he did not see claimant "again professionally."

Claimant testified he told Dr. W "that I hurt my back and groin" and that he was "hurting through and through with my lower back;" that his condition became worse and he returned to Dr. W's office but did not get to see him; that he worked four or five days more for employer, but became so sore and stiff "through my back and groin" that he had to quit; that it was during this period that he discussed his back condition with Golden and that Golden did not send him back to Dr. W or to another doctor; that he then went to the County Nurse who sent him to Dr. V; Dr. V sent him to University Hospital where he was examined and not treated, but was taught "to take exercise;" that he continued to worsen and went to the Welfare Board for help; the Welfare Board sent him to Dr. M who hospitalized him and operated on his back.

Dr. W's testimony and claimant's testimony is in conflict as to whether claimant told Dr. W about the back injury. Golden's testimony and claimant's testimony is in conflict about claimant's telling him of the nature of his injury on the day of the accident, but Golden did not refute claimant's statement that he and Golden talked about his back and that Golden told him that he had had back trouble once and that he was "straightened out" by a chiropractor.

■ We have said many times that the State Industrial Court and not the Supreme Court, is the sole and ultimate arbiter of the credibility of witnesses, be they lay or expert, and the weight to be accorded their testimony. LeFlore County Wholesale Grocery et al. v. Heavener, Okl., 400 P.2d 167; Brooks & McConnell, Inc. v. Strong, Okl., 396 P.2d 525; Wade Lahar Const. Co. v. Howell, Okl., 376 P.2d 221.

■ We think the evidence is sufficient to establish that employer neglected to promptly provide adequate and satisfactory care to claimant, when it had knowledge the same was needed, and further, that employer reasonably implied that claimant could select his own doctor when Golden, soon after claimant returned from Dr. W, recounted his own personal experience and said he "tried a lot of doctors," advised him of his success with a chiropractor for his own back trouble.

■ The fourth contention of petitioners must be sustained. The right of an employee to medical care and the liability therefor are controlled by 85 O.S.1961, § 14, and the authority of the Industrial Court to approve claims for such services is limited to the conditions therein named. The lower court had nothing before it upon which it could act on any claim for medical expenses. No medical claims were introduced. There was no stipulation as to amounts. Therefore that part of the order which directs payment of all "reasonable and necessary" medical expenses theretofore incurred by claimant is invalid and must be vacated. Sapulpa Tank Co. v. Cole, supra; Foster Wheeler Corporation v. Bennett, Okl., 354 P.2d 764.

Dr. W M testified for claimant by written report dated April 25, 1964. He stated that on said date he examined claimant and found he had sustained a rupture of the fourth and fifth lumbar intervertebral discs which required surgery; that in "all probability" the ruptured discs occurred "at the time of his injury on July 3, 1963, or if they did pre-exist before this accident they were aggravated by his more recent accident" and it was his opinion that claimant "had been temporarily totally disabled since the time of his accident to the present time * * *."

■ A physician's opinion need not be given in categorical terms nor in the precise language of the statute and an award of the Industrial Court rests on competent evidence when it is supported by the general tenor and intent of the medical testimony. LeFlore County Wholesale Grocery, et al. v. Heavener, supra; Townley's Dairy v. Gibbons, Okl., 395 P.2d 947. We think the tenor of the report of Dr. W M is that as a result of the accidental injury on July 3, 1963, claimant was temporarily disabled for the performance of ordinary manual labor from the date of the accident to the date of his examination on April 25, 1964. We hold this is competent evidence to support the lower's court award down to April 25, 1964, but there is no competent evidence to support the finding of temporary total disability to May 1, 1964, and that part of the order is hereby modified to conform to that evidence.

The order in all other respects is proper and supported by competent evidence. The finding pertaining to medical expenses is vacated with claimant to have the right to present a claim therefor to the Industrial Court at some future hearing. As thus modified, it should be sustained.

Order modified and sustained as modified.