Harold P. KELLER, Petitioner,

v.

CAMPBELL GLASS & MIRROR COMPANY, American Surety Company and State Industrial Court, Respondents.

No. 41693.

Supreme Court of Oklahoma.

Feb. 2, 1966.

Steven E. Smith, Tulsa, for petitioner.

Rhodes, Hieronymus, Holloway & Wilson, Philip N. Landa, Tulsa, Charles Nesbitt, Atty. Gen., Oklahoma City, for respondents.

DAVISON, Justice.

On February 8, 1965, Harold P. Keller, claimant, filed a claim before the State Industrial Court against his employer, Campbell Glass and Mirror Company, and its insurance carrier, American Surety Company, respondents. In his claim he alleged that on September 23, 1964, he sustained an accidental injury to his back which arose out of and in the course of his employment.

A trial judge of the lower court, after hearing, entered an order finding that claimant had sustained an accidental injury to his back as alleged; that he had been paid compensation on the basis of temporary total disability from September 26, 1964, to October 3, 1964; that he was entitled to additional temporary total compensation from October 3, 1964, to November 2, 1964, but denied his claim for permanent disability. The trial court also ruled that all medical treatment received by claimant had been secured by claimant "without request from" respondents and that they "are not responsible for same." The order was affirmed on appeal by the court en banc.

This is an original action by claimant for review of the order and for vacation of the same he advances the following two propositions:

1. The employer failed to provide medical treatment for injured employee, and employer is liable for medical expense incurred by employee.

2. There is no evidence supporting order denying permanent partial disability award.

The only lay testimony is that of claimant. It was stipulated that compensation had been paid claimant for temporary total disability as found by the trial judge.

Claimant testified that on September 23, 1964, he was carrying some metal when he injured his back. He did not report this accident to any one but on September 25, 1964, he injured his back again. This happened soon after he had reported to work in the morning. He told his foreman about this accident and the foreman told him "to try and make the day" if he could but that about 10:30 or 11:00 o'clock he had to quit. At that time he went to Dr. M who treated him twice. From Dr. M claimant went to Dr. G, his family doctor. Dr. G referred claimant to Dr. W who hospitalized claimant for 16 days. Dr. W treated his back and while in the hospital a Dr. R performed a transurethal resection on claimant. This had nothing to do with claimant's accidental injury.

Claimant testified further that he did not ask his employer to send him to a doctor but went to Dr. M on his own.

Claimant concedes he did not make a specific request for medical treatment but argues that under 85 O.S.1961, Sec. 14, no specific request is necessary and where employer fails to promptly furnish medical attention, claimant may secure his own medical care and the employer is liable for the same.

In the case of Mattingly v. State Industrial Court, Okl., 382 P.2d 125, we said:

"Under the provisions of 85 O.S. 1961, § 14, if the employer fails or neglects to promptly provide medical, surgical or hospital services to an injured employee, *with knowledge that the same are needed,* the injured workman may, during the period of such neglect or failure, procure the neces-sary services at the expense of the employer. * * *" (Emphasis ours.)

See also Douglas Aircraft Company v. Titsworth, Okl., 356 P.2d 365, and Quality Materials Company v. Payne, Okl., 405 P.2d 51.

In the case at bar there is no showing whatsoever that employer had any knowledge that medical services were needed. Claimant did not request any medical treatment; he did not tell employer he needed medical attention; he did not return to work after the injury; (he had worked only 5 days for employer when he was injured); he did not tell employer he was going to a doctor and there is no evidence employer knew claimant was in the hospital. The mere fact claimant drew compensation while he was in the hospital is not in itself evidence that employer had knowledge medical services were needed.

Compensation was paid for 5 weeks and claimant was in the hospital only 16 days.

We therefore can find no evidence that employer failed or neglected to provide medical care to claimant with knowledge that the same was needed.

Dr. S testified by deposition of claimant. He stated that in his examination of claimant he found evidence of spondylolisthesis to his back; that such condition existed prior to the injury; that in his opinion claimant had a "ten percent permanent disability to his back as a result of this condition to his back."

Dr. W testified by deposition for claimant. He stated he too found evidence of spondylolisthesis to claimant's back; that claimant needed surgery and that in his opinion "if surgery is successful, that his symptoms will be reduced to approximately ten per cent, as a result of this injury."

Dr. R testified for respondents by deposition. He stated that in his opinion claimant had no permanent disability as a result of the accidental injury.

The medical evidence is in conflict and it is a well stated rule that this court will not review conflicting evidence

on non-jurisdictional questions to determine the weight and value thereof and when an order of the Industrial Court is supported by any competent evidence the same will not be disturbed by this court. Anderson v. Bill's Bakeries, Inc., Okl., 393 P.2d 524.

We hold that the testimony of Dr. R is competent evidence to support the order of the lower court in denying claimant's claim for permanent disability.

Finding the order free from error, it is sustained.