James Theodore RUDITYS, Petitioner,

v.

**GENERAL MOTORS ASSEMBLY DIVISION, an Own Risk Insurer, and the Workers' Compensation Court of Oklahoma, Respondents.**

No. 59796.

Court of Appeals of Oklahoma,
Division No. 4.

Oct. 25, 1983.

Rehearing Denied Dec. 8, 1983.

Certiorari Denied Feb. 7, 1984.

Released for Publication by Order of Court of Appeals Feb. 17, 1984.

Sidney A. Musser, Jr., Abel, Musser, Sokolosky & Clark, Oklahoma City, for petitioner.

Vicki Robertson, Holloway, Dobson, Hudson & Bachman, Oklahoma City, for respondents.

DeMIER, Judge.

James Ruditys, petitioner, appeals court en banc's affirmance of finding by trial judge that award of compensation should be denied for petitioner's failure to give respondent notice of his injury as required by 85 O.S.1981 § 24.

STATEMENT OF FACTS

Petitioner Ruditys worked for about one and one-half years at respondent's plant as a spot welder. During an average day he would make 16 welds on 500 cars for approximately 8,000 welds per day. This procedure was accomplished by the use of a

handheld welder which was operated by being squeezed by petitioner.

Petitioner testified that sometime in July or August 1980 he began developing problems with his hands. His testimony as to this was as follows:

"Q When did you start noticing that you were having any problems with your hands?"

"A Oh, it was July or August of '80. I went to see a doctor at General Motors and he put me on restrictions and gave me, like a hand brace to wear."

"Q Okay. For which hand?"

"A It started off with the right hand then they put me on a left handed job only and I started using my left hand more than my right hand and then started noticing trouble with my left hand."

On December 23, 1980, petitioner suffered severe lacerations to his right forearm when a portion of an automobile fender caught his arm. This laceration cut some muscles in the belly of his forearm and as a result caused slightly diminished functioning in his right hand. He was awarded compensation for this injury on November 19, 1981.

Petitioner filed his form 3 in this action on December 4, 1981. It was in this form that he alleged he suffered from "carpal tunnel syndrome," a nerve symptom caused by repetitive and continuous squeezing of the hands. Petitioner's form 9, filed in the previous action on August 12, 1981, was thereafter amended to allege the carpal tunnel syndrome injury. Filed with the form 9 was a report from a Dr. Metcalf dated November 24, 1981, which diagnosed the carpal tunnel syndrome.

Trial was had on October 14, 1982. The trial judge found:

–1–

"THAT on JUNE 29, 1981, claimant was employed by the above named respondent and such employment was subject to and covered by the provisions of the Workers' Compensation Act of the State of Oklahoma; and on said date claimant sustained accidental personal injury to BOTH HANDS arising out of and in the course of claimant's employment.

–2–

"THAT claimant failed to give the required notice to his employer.

–3–

"THAT it is therefore ordered that claimant's claim for compensation be and the same hereby is denied."

This ruling was subsequently affirmed by the Workers' Compensation Court en banc on February 4, 1983.

I

Petitioner does not deny that he failed to give the statutorily required 30 day written notice of his injury to his employer. However, on appeal, petitioner contends that the order of the trial judge should be vacated, and compensation allowed, by virtue of the fact that the employer, respondent herein, "was not prejudiced by the failure of claimant to give written notice within thirty (30) days of his hand injury."

As was stated in *Capitol Steel & Iron Co. v. Austin,* Okl., 519 P.2d 1364 (1974):

"An employer is entitled to prompt information to permit timely investigation as to nature and extent of injury, and be afforded opportunity to extend prompt medical treatment to prevent, or minimize, resulting disability.... Where written notice is not given, the burden of proof is upon claimant to show, by affirmative proof, either that notice could not have been given, or that the employer was not prejudiced by failure. When this proof has been adduced, the obligation to offer proof controverting the issue devolves upon respondent." (citation omitted)

And, in *Oklahoma City v. Alvarado,* Okl., 523 P.2d 1073 (1974), the court reiterated that "[s]tatutory written notice under [85 O.S.1981] § 24 is a mandatory prerequisite to claim for compensation...." The court went on to say:

"Absent notice of injury, a claim for compensation must fail unless State Industrial Court specifically excuses failure for either reason stated in the statute, one of which is that an employer was not prejudiced by failure to receive notice. An employer's knowledge is a factor in determining whether prejudice did, or did not, result from such failure...."

## II

■ It is not the province of the reviewing court to weigh the evidence in a workers' compensation case. Inasmuch as a finding by the workers' compensation court that the employer was or was not prejudiced is a finding of fact, such determination will not be disturbed on appeal where reasonably supported by competent evidence. *Quality Materials Company v. Payne,* Okl., 405 P.2d 51 (1965).

Upon a thorough review of the evidence, testimony and exhibits in this case we find that the trial court made no findings regarding the existence or nonexistence of prejudice to respondent due to petitioner's failure to give written notice pursuant to 85 O.S.1981 § 24.

■ Because of the nature of the injury, it being a progressively worsening nerve injury with no real external manifestation as would occur from a cut or other sudden injury, it is crucial that a determination be made from the evidence as to prejudice to the employer. From the dates of the various medical reports, diagnoses and filings in this case it is clear that the existence of prejudice is a controverted issue.

As was stated in *Capitol Steel & Iron Co., supra:*

"[W]e deem it necessary to point out that 'actual notice', as the term has been used in prior decisions ... simply means: knowledge which may reasonably be imputed to an employer, from consideration of evidentiary facts and circumstances in a given case, sufficient to permit opportunity to exercise rights extended under § 24 ...." (citation omitted)

It appears from the evidence that respondent did have knowledge of petitioner's carpal tunnel syndrome. It is therefore necessary that a determination be made by the trial court concerning whether respondent was prejudiced by petitioner's failure to provide it with written notice of the existence of his injury.

## III

The trial court, in its findings, recognized the existence of petitioner's injury to both hands. However, compensation was denied solely upon the basis that petitioner "failed to give the required notice to his employer." We therefore vacate the order and remand this case to the trial court for a determination as to whether respondent was prejudiced by such failure. If such prejudice is not found then the failure should be excused in accordance with 85 O.S.1981 § 24, and compensation allowed.

BRIGHTMIRE, P.J., and STUBBLEFIELD, J., concur.