**BEETLE PLASTICS, and Associated Indemnity Corporation, Petitioners,**

v.

**Eddie Junior TOMLINSON, Respondent.**

No. 52373.

Court of Appeals of Oklahoma, Division No. 2.

Oct. 9, 1979.

Ben A. Goff, Oklahoma City, for petitioners.

Joseph O. Minter, Madill, for respondent.

BRIGHTMIRE, Judge.

The 55-year-old claimant was hired by Beetle Plastics, Inc., of Gene Autry, Oklahoma, in October 1974 to work as a "trainee and helper." Before long he was assigned to the job of sanding fiber glass and assisting in "lay-up" work in the interior of large tanks being constructed by Beetle. In early December 1974 claimant began to feel sick and experience a shortness of breath which became so bad on the evening of December 8 that he could not return to work the next morning. He filed a claim for compensation and on February 5, 1976, received an award based upon a finding of 100 percent permanent disability. This award was vacated by the court en banc. A new trial, held May 26, 1977, resulted in the same finding and order. It was affirmed by the court en banc. Review of the award is sought here on the sole ground that it "is not supported by competent medical evidence." We affirm the award.

"The basic question," writes the employer, "is whether medical testimony that unidentified fumes and dust caused an injury is sufficient to sustain an award when the medical expert concedes that certain fumes may or may not be injurious to the respiratory system and that the size and nature of dust particles will determine whether the dust is injurious." The employer's basic thesis is that unless claimant's medical expert predicates his testimony on an identified airborne toxic substance inhaled by claimant during his on-the-job entankment, the physician's opinion has no probative value. This is especially true in this case, adds the employer, where a consulting engineer it hired testified that he conducted extensive testing of the employer's tanks on two occasions, found fiberglass dust, no toxic chemical fumes, and concluded that the dust and fumes were within "allowable safety limits." "It is not our contention," the employer continues, "that exposure to dust and fumes will not under certain conditions, cause an injury because such exposure has been held to have caused a compensible [sic] injury," citing *American Plating Company v. Engle*, Okl., 397 P.2d 491 (1964); *Eagle-Picher Mining & Smelting Co. v. Loyd*, 192 Okl. 554, 138 P.2d 536 (1943); and *C. K. Howard & Co. v. McKay*, 189 Okl. 453, 117 P.2d 525 (1941). It stresses, however, that since in those cases the offending fumes were isolated and identified "by the medical expert when relating his opinion as to the cause of the injury," they are distinguishable from the instant case.

We do not think that a claimant who begins to suffer respiratory distress after working for a period of time in a polluted environment should be deprived of compensation simply because he cannot name with specificity each element contributing to the makeup of the air pollutant. A relationship between a given effect and its cause may be established circumstantially as well as by direct evidence—or by a combination of both. *Sisler v. Jackson*, Okl., 460 P.2d 903 (1969). And a physician's opinion as to what is scientifically possible in regard to pathological causation satisfies the law's requirement that the factfinder be given enough scientific information to reach an intelligent decision and it will support a finding of causation if there exists other evidence of a direct or circumstantial nature indicating that that which is possible did in fact probably occur. *Oklahoma Natural Gas Co. v. Kelly*, 194 Okl. 646, 153 P.2d 1010 (1944); *Delk v. Gill*, Okl., 462 P.2d 530 (1969).

Here claimant testified that he was able to perform ordinary manual labor be-

fore going to work for Beetle Plastics, and that although he wore a mask while working in the air-polluted tanks, he began experiencing a shortness of breath after a couple of months which became so bad on December 8, 1974 that he could hardly breathe at all. He was unable to return to work and has remained under the care of a physician since that time. These circumstances invited an inference that the worker's illness was work related.

A physician reported that on the basis of these facts along with his observations and findings during a physical examination that the claimant had pulmonary emphysema and fibrosis which had been "aggravated, accelerated and probably caused by exposure to the fumes and plastic dust at the plastic plant," and that "he is 100% permanently disabled . . . to do ordinary manual labor as a result . . . ."

The fact that claimant had been a pipe and cigarette smoker for many years and had had a couple of bouts with pneumonia was of no relevant significance in regard to the cause of his pathological disability condition that resulted in acute distress in early December.

Significantly employer's physician conceded claimant's lungs were afflicted with fibrosis and emphysema but attributed the condition entirely to "smoking" and opined that claimant's permanent disability was only 10 percent.

The trial judge, who incidentally heard claimant's testimony and had an opportunity to observe him, was fully justified in accepting the opinion of the claimant's expert as the basis for an award.

The award is sustained.

BACON, P. J., and NEPTUNE, J., concur.